# 12-3544

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

United States of America,

*Appellee,*

*vs.*

Roger S. Luczkowiak

*Defendant-Appellant.*

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

**BRIEF OF DEFENDANT-APPELLANT,
ROGER S. LUCZKOWIAK,
PURSUANT TO *ANDERS v. CALIFORNIA* and
18 U.S.C. §3742(a) (1) & (2)**

BRUCE R. BRYAN, ESQ.
Attorney for Defendant-Appellant,
Roger S. Luczkowiak
333 East Onondaga Street
Syracuse, New York 13202
(315) 476-1800
(315) 474-0425 *Facsimile*

# **TABLE OF CONTENTS**

Page No.

Table of Authorities.......................................................................................... ii

Statement of Jurisdiction ...................................................................................1

Statement of the Issue Presented .......................................................................1

Statement of Facts .............................................................................................2

Argument:

    Point I       The federal conviction and sentence of Luczkowiak do not present any non-frivolous issues for appeal........................................................................12

Conclusion.......................................................................................................28

# TABLE OF AUTHORITIES

<u>Case Law</u>                                                      <u>Page No.</u>

*Anders v. California*, 386 U.S. 738, 744 ......................................17,18,27

*Apprendi v. New Jersey*, 530 U.S. 466 U.S. 466 (2000) ..........................22

*Blackledge v. Allison*, 431 U.S. 63 (1977) .................................14

*Blakely v. Washington*, 124 S.Ct. 2531 (2004)........................................23

*Henderson v. Morgan*, 426 U.S. 637 (1976) ............................................13

*Hooper v. United States,* 112 F.3d 83 (2d Cir. 1997)...............................14

*Matusiak v. Kelly*, 786 F.2d 536 (2d Cir. 1986).......................................15

*Mayo v. Henderson*, 13 F.3d 528 (2d Cir.)................................................21

*McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429 (1988) ............................27

*North Carolina v. Alford*, 400 U.S. 25, 31 (1970)....................................13

*Santobello v. New York*, 404 U.S. 257 (1971)..........................................16

*United States v. Aquirre*, 912 F.2d 555 (2d Cir. 1990) ....................20,21

*United States v. Booker*, 125 S.Ct. 738 (2005)........................................22

*United States v. Brinkworth*, 68 F.3d 633 (2d Cir. 1995)........................14

*United States v. Burnett*, 989 F.2d 100 (2d Cir. 1993)............................27

*United States v. Chen*, 127 F.3d 286 (2d Cir. 1997) .........................13,17

*United States v. Coffin*, 76 F.3d 494 (2d Cir. 1996) ...............................15

*United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005) ............................25

*United States v. Doyle*, 348 F.2d 715 (2d Cir. 1965) ...............................15

*United States v. Ibrahim*, 62 F.3d 72 (2d Cir.) ...................................................17,18

*United States v. Keppler*, 2 F.3d 21 (2d Cir. 1993) ................................................14

*United States v. Livorsi*, 180 F.3d 76 (2d Cir. 1999)...............................................14

*United States v. Maher*, 108 F.3d 1513 (2d Cir. 1997) ...........................................14

*United States v. Martinez-Rios*, 143 F.3d, 662 (2d Cir. 1998)................................13

*United States v. Mercedes*, 287 F.3d 47 (2d Cir. 2002) ...........................................14

*United States v. Morgan*, 386 F.3d 376 (2d Cir. 2004).......................................16,22

*United States v. Ready*, 82 F.3d 551 (2d Cir. 1996)................................................15

*United States v. Rivera*, 971 F.2d 876 (2d Cir. 1992) .............................................16

*United States v. Salcido-Contreras*, 990 F.2d 51 (2d Cir. 1993) ............................16

*United States v. Smith*, 129 F.3d 114 (2d Cir. 1997).........................................14,27

*United States v. Torres*, 129 F.3d 710 (2d Cir. 1997). ...........................................27

## STATEMENT OF JURISDICTION

Roger S. Luczkowiak ("Luczkowiak") was charged in the Western District of New York in a nine count Indictment with Production of Child Pornography in violation of 18 U.S.C. §2251(a), Distribution of Child Pornography in violation of 18 U.S.C. §2252(A)(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. §2252(A)(a)(2)(A), and Possession of Child Pornography in violation of 18 U.S.C. §2252(A)(a)(5)(B). On January 30, 2012, Luczkowiak executed a written Plea Agreement wherein he agreed to plead guilty to Counts I, II, and VII of the Indictment. The Plea Agreement contains a provision waiving his right to appeal if the court imposed a sentence of 840 months (70 years) or less. On January 30, 2012, Luczkowiak entered his plea of guilty, pursuant to the Plea Agreement, in open court before the Honorable William M. Skretny of the Western of District of New York. On August 17, 2012, Luczkowiak was sentenced to a term of 840 months (70 years) incarceration. The Judgment of Conviction was filed on August 23, 2012. A Notice of Appeal was filed on September 4, 2012.

## STATEMENT OF THE ISSUE PRESENTED

1. Whether the federal conviction and sentence of Luczkowiak present any non-frivolous issues for appeal?

## STATEMENT OF FACTS

### Indictment

The Appellant, Roger S. Luczkowiak ("Luczkowiak") was charged in a multi-count Indictment with Production of Child Pornography in violation of 18 U.S.C. §2251(a) (Counts I - III); Distribution of Child Pornography in violation of 18 U.S.C. §2252(A)(a)(2)(A) (Counts IV & V); Receipt of Child Pornography in violation of 18 U.S.C. §2252(A)(a)(2)(A) and Possession of Child Pornography in violation of 18 U.S.C. §2252(A)(a)(5)(B) (Counts VII - IX). (A 9-16)

### Pretrial Conference on January 5, 2012

During a pretrial conference on January 5, 2012, defense counsel unilaterally informed the court on the status of plea negotiations and whether the case might go to trial. Defense counsel stated that if Luczkowiak "chose to plead guilty to two counts, the sentencing range would be 15-60 years." (A19) Counsel stated that there had been some discussions to dispose of the case by such a plea, but that the "Government isn't interested in that" and that the Government wanted Luczkowiak to plead guilty to "three counts, [which] would be 15-90 years." Id. Defense counsel commented that a plea agreement that would expose Luczkowiak to 90-years would be unreasonable. He didn't "know why [he was] griping to the Court because the Court really has nothing to do with it. I just wanted the Court to

2

know." (A20) The Court replied that it was not "ethically or legally able to get into any type of plea discussions and simply asked whether the parties needed further time to discuss the possibility of resolving the case before trial." (A20-21) The AUSA said that the parties did not need additional time. (A22) The court set a trial date. (A22-26) Before that date, Luczkowiak entered a plea of guilty pursuant to a Plea Agreement.

**Plea Agreement**

On January 30, 2012, Luczkowiak entered into a written Plea Agreement with the Government wherein he agreed to plead guilty to Counts I and II of the Indictment charging Production of Child Pornography and Count VII of the Indictment charging Possession of Child Pornography. (A 28)

As the factual basis for the plea, Luczkowiak and the Government agreed that with respect to Count I, on or about November 20, 2010, Luczkowiak had knowingly used, persuaded, induced, enticed, and coerced a minor who had not yet attained the age of 18 years to engage in sexually explicit conduct for the purpose of producing child pornography. (A 32) Specifically, Luczkowiak admitted that he had produced child pornography depicting the victim performing oral sex upon him and also depicting the victim using a white dildo to penetrate her vagina. Id. He kept the child pornography on his Seagate External hard drive in his residence.

3

Id. The victim was a 5-year-old female child. Id. At the time, Luczkowiak engaged in sexual acts with the victim and the offense involved the use of a computer. Id.

With respect to the factual basis for Count II, the parties agreed that on or about April 16, 2011, Luczkowiak engaged in similar conduct with the victim involving the performance of oral sex on him. (A32-33) Luczkowiak saved the child pornography that he had produced on his HP Desktop computer in his residence. Id.

As for the factual basis for Count VII, the parties agreed that on or about June 1, 2011, Luczkowiak knowingly possessed images and videos of child pornography that he stored on his HP Desktop computer, Seagate External hard drive, and Phillips DVD/R. Luczkowiak obtained the images and video over the internet using a peer-to-peer file sharing program. (A33) The parties agreed that some of the child pornography depicted pre-pubescent minors or minors less than 12-years of age, and that some of the child pornography contained sadistic or masochistic conduct or other depictions of violence that would have been painful to the child. (A34)

The Plea Agreement contains a Guidelines calculation to which the parties agreed. (A34-38) Specifically, the parties agreed that Counts I and II provide for a base offense level of 32, and Count VII provides for a base offense level of 18. Id.

4

The parties agreed that multiple adjustments for specific characteristics applied, and that the adjusted offense level for Count I was 46, the adjusted offense level for Count II was 42, and the adjusted offense level for Count VII was 41. (A35-37) The parties further agreed that the offenses of conviction for Counts I, II and VII did not group together, and therefore Luczkowiak's combined adjusted offense level was 49. (A37)

The Government agreed not to oppose a two-level downward adjustment for acceptance of responsibility, and to move the Court to apply the additional one-level downward adjustment, for a resulting total offense level of 46. Id. The Government understood that the Luczkowiak's criminal history category was III. (A38) As such, the Plea Agreement reflected the understanding of the Government and Luczkowiak that with a total offense level of 46 and a criminal history category of III his sentencing range would be a term of imprisonment of 840 months (70 years). Id. The parties agreed to the correctness of the calculation of the sentencing guidelines set forth in the Agreement. Id. The parties also reserved the right to recommend a sentence outside the sentencing guidelines range to the court. (A38-39)

Luczkowiak agreed to waive his right to appeal or collaterally attack "any component of a sentence imposed by the court which falls within or is less than the

5

sentencing range for imprisonment" set forth in the Plea Agreement. (A41-42)

**Plea proceeding, dated January 30, 2012**

Luczkowiak confirmed to the court that he had reviewed the Indictment and Plea Agreement. (A47) The court questioned Luczkowiak about his background and assessed his ability to understand the proceeding. (A49-50) Luczkowiak stated he was satisfied with his attorney. (A50)

The court questioned Luczkowiak regarding his understanding of the Plea Agreement and reviewed with him its terms. (A51-61) Among other things, the court reviewed with Luczkowiak the minimum and maximum penalties for Counts I, II and VII. (A51-52) The court also reviewed with him the fact that he would have to register under the Sex Offender Registration and Notification Act. (A54) The court explained that each count had separate elements that would have to be proven by the Government to a jury beyond a reasonable doubt. (A54-55) The court further explained his constitutional rights. (A55-56)

The court reviewed with Luczkowiak the sentencing guideline calculation set forth in the Plea Agreement. (A57-58) Specifically, Luczkowiak confirmed that he understood that the Plea Agreement provided a sentencing guideline calculation that resulted in a sentencing range of imprisonment of 840 months (70 years). (A58) Luczkowiak also confirmed to the court that he understood that if he

received a sentence within or below the foregoing sentencing range, he had given up his right to appeal or to challenge the sentence through any other legal means. (A60)

The court accepted Luczkowiak's plea of guilty to Counts I, II and VII of the Indictment. (A62) The court found that Luczkowiak's guilty plea was knowingly and voluntarily made. (A62-63) The court also found that the evidence to which Luczkowiak had agreed would be a sufficient basis for a jury to find guilt beyond a reasonable doubt. (A60)

**The Pre-sentence Report**

The Court sealed the pre-sentence report in the interest of the victim and the family. (A70) The PSR is filed with this Court under seal.

**Sentencing proceeding**

Defense counsel confirmed that he had received the PSR and reviewed it with Luczkowiak. Id. The court stated that New York State Police and the Department of Homeland Security had conducted independent investigations that led them to determine that Luczkowiak possessed videos and image files containing child pornography that he was sharing through a peer-to-peer file sharing program. (A72)

After conducting a search warrant of Luczkowiak's residence, law

7

enforcement found a computer and computer-related devices containing multiple images and videos of child pornography. Id. In total, investigators found approximately 599 images and 82 videos depicting child pornography. (A72-73) Of these, the National Center for Missing and Exploited Children had identified 244 images and 28 video files that showed sexual activity involving at least 53 previously identified minors." (A73) Among his collection, law enforcement found two videos depicting a 5-year-old female with whom the defendant engaged in sexually explicit conduct, including oral sex. Id. Another 6 images depicted other acts of a sexually explicit nature with the same 5-year-old child. Id.

The court granted an adjustment for acceptance of responsibility based on Luczkowiak's timely notifying the Government of his intention to plead guilty. (A74) The court found that the advisory guideline range was correctly calculated at 840 months based on a total offense level of 46 and a criminal history category of III. Id.

The court said that it had considered all of the sentencing factors, including the nature and circumstances "of this very serious offense," his personal history and characteristics, and the need to avoid unwarranted sentence disparities. (A74-75) The court further stated that it had considered defense counsel's arguments that the court should consider a non-guideline sentence based on Luczkowiak's

8

personal circumstances, including the fact that he was "an isolated and lonely individual who had spent virtually all of his time on the computer." Id. The court acknowledged that Luczkowiak did not have friends and that his life consisted of work and playing on the computer. Id. The court further acknowledged that Luczkowiak had not started out looking at child pornography, but instead transitioned to it from adult pornography. Id. The court further considered the fact that at the age of eight, he had a sexual experience with another 8-year-old, and that this "may have a persistent effect on you throughout your life." Id. The court also considered defense counsel's argument that the crime was "not one in which a life is ended or any individual [is] maimed or physically injured." Id.

The Court stated that while Luczkowiak's crime may not have left physical scars on the victim or victims, "the mental scars you are responsible for are so profound, it's to make the fact pale by comparison." (A75-76) In particular, the court focused on the harm that Luczkowiak had done in personally engaging the production of videos and images with the victim in Count I and II of the Indictment. (A76) The court noted that the victim's mother had seen the difference in the victim's behavior after the conduct and the negative effects on the victim. Id. The court said that it had reviewed the transcript portion of the videos and that "it's suffices to say they are shocking." Id. The court concluded "that any mitigation

9

you might otherwise be entitled to for leaving no lasting physical marks is minor, but yet to be considered." Id.

The court did not credit Luczkowiak's claim that he did not gain sexual gratification from the images that he had downloaded using the peer-to-peer file sharing program. (A76-77) The court noted that many of the videos have exceeded five minutes in length and that the date on which he had made one of the videos with the victim had been his birthday. (A77) The court said he was not a "casual browser" but rather "took pleasure in carrying out the conduct for which [he] had plead[ed] guilty and saw the production of child pornography as a special occasion." Id. The court said that other statements that Luczkowiak had made to probation reflected "callous attitude with which [he] view[ed] child pornography." Id.

The court found that Luczkowiak's personal background did not weigh in his favor for a non-guideline sentence. (A78) The court said that his "criminal background [was] punctuated by narcotics violations." Id. The court said that it had "diligently considered whether there are any mitigating factors" in Luczkowiak's case and was "at a loss to find very many." Id. He had "removed [himself] from society" and "did not engage [his] community." (A78-79) The court said that it appeared that he had not committed himself to an education or learning a trade.

(A79) The court said that the facts of the case were "horrific." Id.

Defense counsel reiterated arguments for a minimum 15-year sentence and the Government argued for a sentence within the guideline range of 840 months.(A 79-89) Luczkowiak spoke and expressed remorse for what he had done. (A81) The victim's mother also addressed the court and detailed the very negative effects that Luczkowiak's conduct had on the victim. (A90-91)

The court acknowledged that a sentence of 70-years, for all practical purposes, was a life sentence for Luczkowiak. (A92) The court stated that the impact on the victim is "the type of mental and psychological scars that are in all likelihood lifelong in terms of their duration." (A93) The court said that fairness required a commensurate sentence.Id. The court said that this is one of the instances in which a penalty of such severity was "fully appropriate." (A93-94)

The court stated "these words are harsh, but the fact of the matter is I view you as a very sick individual." Id. The court said Luczkowiak had "participated by choice in a video trade that is absolutely reprehensible," that he had "caused a young girl to endure and go through for purposes of gratification is as, frankly, as bad as it gets." (A94) The court described Luczkowiak as "a self-centered individual" and that it did not see "the prospects for legitimate rehabilitation." Id. The court stated that it did not believe that Luczkowiak could "be again trusted in

11

society." (A94-95) T.he court said that punishment must also be "deterrent in its affect." (A95)

The court sentenced Luczkowiak on Counts I and II of the Indictment to 30-years to run consecutive to each other. Id. On Count VII, the court imposed a 10-year sentence to run consecutive to the aggregate of Counts I and II for a total sentence of 70-years or a total of 840 months." Id. The court imposed lifetime supervised release. Id. The court dismissed the remaining counts. (A103) The court found the sentence to be "severe" but "most certainly fair, just, and reasonable under the circumstances of this case, and the dire consequences [that] have been endured by the family as the result of the conduct by Mr. Luczkowiak in this case." Id.

## POINT I

## THE FEDERAL CONVICTION AND SENTENCE OF THE APPELLANT DOES NOT PRESENT ANY NON-FRIVOLOUS ISSUES FOR APPEAL

### A. *The Appellant waived his right to appeal his sentence*

The Appellant expressly waived his right to appeal. The Plea Agreement stated that the parties agreed that Luczkowiak will not file a direct appeal of his sentence if he received a term of imprisonment of 840 months (70 years) or below. The Appellant was sentenced to a term of imprisonment of 840 months (70 years). The Appellant filed an appeal in contravention of his waiver of right to appeal.

12

**B.    The plea was knowingly and voluntarily made and in compliance with Rule 11 of the Federal Rules of Criminal Procedure**

A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The district court is required to provide to the defendant "real notice of the true nature of the charge against him." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). In addition, a defendant must receive a description of the critical elements of the offense. Id. at 647, n. 18.

In addition, Rule 11(b)(1)(N) states that the court "must inform the defendant of and determine that the defendant understands . . . the terms of any plea agreement waiving the right to appeal." *See United States v. Chen*, 127 F.3d 286, 290 (2d Cir. 1997). The record must also demonstrate that the defendant knowingly and voluntarily waived his right to appeal. *See United States v. Martinez-Rios*, 143 F.3d, 662, 668 (2d Cir. 1998).

The Appellant executed a Plea Agreement after reviewing it with counsel. The Plea Agreement states the charges to which he would plead guilty. During the plea proceeding, the court questioned the Appellant regarding his ability to understand the proceeding, his waiver of a number of constitutional rights, the application of the sentencing guidelines, and his understanding that he was waiving his right to appeal a sentence of 840 months (70 years) or below. Thereafter, the

13

court accepted the Appellant's guilty plea after finding that the plea was knowingly and voluntarily made.

The district court neither abused its discretion nor committed error in the proceedings or in its acceptance of the plea. *See United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997); *United States v. Smith*, 160 F.3d 117, 122 (2d Cir. 1998) (court reviews for abuse of discretion whether the factual basis supports the plea); *United States v. Keppler*, 2 F.3d 21, 23 (2d Cir. 1993) (review of plea guided by plain error standard). The district court's full compliance with Rule 11 forecloses a challenge to the plea proceeding. *See United States v. Mercedes*, 287 F.3d 47, 57-58 (2d Cir. 2002). A guilty plea is valid if it is knowingly, voluntarily and intelligently made in conformity with Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Livorsi*, 180 F.3d 76, 78 (2d Cir. 1999); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

## C. *The Appellant waived non-jurisdictional issues*

A guilty plea generally waives all but specifically reserved issues and jurisdictional defenses. *United States v. Brinkworth*, 68 F.3d 633 (2d Cir. 1995); *Hooper v. United States*, 112 F.3d 83 (2d Cir. 1997) (defendant waived any challenge to conviction except those that could properly be termed jurisdictional, and those arising from sentencing by pleading guilty); *Matusiak v. Kelly*, 786 F.2d

14

536 (2d Cir. 1986) (plea of guilty waives several federal constitutional rights, including right to trial by jury, right to confront his accusers, and privilege against compulsory self-incrimination); *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965) ("[a]n unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction").

Therefore, the Appellant waived non-jurisdictional issues when he entered his guilty plea. *See United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996) (knowing and voluntary guilty plea waives all non-jurisdictional defects in the prior proceedings).

## D.     *The waiver of right to appeal provision herein is enforceable*

A defendant may waive his right to appeal in a plea agreement. *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000). *See United States v. Ready*, 82 F.3d 551 (2d Cir. 1996). An appellate court scrutinizes waivers of right to appeal closely and applies them narrowly, determining whether the waiver is knowing and voluntary, and construing the terms of a plea agreement narrowly, using applicable principles of contract law. Id.

A waiver to a right to appeal will be enforced by an appellate court if the record clearly demonstrates that the waiver was both voluntary and knowing, with the defendant fully understanding the potential consequences of the waiver. Id.

15

Such waiver of rights to appeal deserves special attention of the district court in that the defendant is giving up a very valuable right to correct a district court's unknown and unannounced sentence. Id.

Importantly, this Court has held that it enforces a waiver provision that precludes a defendant from filing a notice of appeal if the sentence imposed is within an agreed range or below a specified number of months. *United States v. Morgan*, 386 F.3d 376, 380 (2d Cir. 2004); *United States v. Rivera*, 971 F.2d 876 (2d Cir. 1992). A plea agreement in which a defendant agrees not to appeal from a sentence that falls within or below a stipulated range or length is enforceable. *United States v. Salcido-Contreras*, 990 F.2d 51 (2d Cir. 1993). This Court has stated that there are no circumstances in which a defendant, who has secured benefits of a plea agreement and knowingly and voluntarily waived his right to appeal such sentence, may then appeal or collaterally attack the merits of a sentence conforming to the plea agreement. Id.

Plea agreements are interpreted pursuant to principles of contract law. *See Santobello v. New York*, 404 U.S. 257, 22-63 (1971); *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.), *cert. denied*, 498 U.S. 969 (1990). The knowing and voluntary waiver of a right to appeal a sentence within a particular sentencing guideline range is generally enforceable. *United States v. Chen*, 127 F.3d 286 (2d

16

Cir. 1997). See U.S.S.G. §1B1.1, *et seq.*

In the case at bar, the Appellant entered into a plea agreement whereby he agreed to waive his right to appeal if the sentence he received was within or below the agreed sentencing range having a possible sentence of 840 months (70 years). The Appellant received a 840-month (70 year) sentence of incarceration. During the entry of his plea, the district court explored with the Appellant the terms of the waiver of right-to-appeal. It is clear to appellate counsel from the transcript of the proceeding that the Appellant fully understood what he was doing when he entered his plea, and that he was waiving his right to appeal a sentence of 840 months (70 years) or below. As such, the waiver provision contained in the Plea Agreement is enforceable and valid.

*E.*     ***There does not exist a non-frivolous basis for withdrawal of the guilty plea***

In *United States v. Ibrahim*, 62 F.3d 72 (2d Cir. 1995), this Court held that *Anders* briefs should contain a discussion regarding the validity of the guilty plea. Id. at 74. Pursuant to *Anders*, a court-appointed lawyer who finds a defendant's claims on appeal to be "wholly frivolous" may advise the Court of such fact and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Such request to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. This Court in *Ibrahim*

17

expressed the concern that in *Anders* briefs "the validity of the Appellant's plea has not been discussed and a transcript of the plea allocation has not been provided to the court." Id. at 73.

Given that "the function of an *Anders* brief is to demonstrate that a conscientious examination of the record has been made and that there are no non-frivolous issues on which an appeal can be based," this Court has imposed a requirement that appellate counsel should also discuss the validity of the guilty plea. Where an appellant has not sought to challenge the validity of the plea, either by a request of counsel or through a pro se brief, "an *Anders* brief should either (i) state that counsel, after having considered the possible benefits and risks, believes that appellant would run an unacceptable risk of adverse consequences in challenging the validity of the plea, or (ii) discuss the validity of the plea and why there are not non-frivolous issues regarding the plea on which to base an appeal." Id.

As discussed above, there does not exist a non-frivolous basis for the withdrawal of the Appellant's plea of guilty. The Appellant's plea was knowingly, voluntarily and intelligently made. The court conducted the plea proceeding in full compliance with Rule 11 of the Federal Rules of Criminal Procedure. Appellate counsel acknowledges that the sentence is harsh and severe, but the possibility that

18

such sentence could be imposed and that the Appellant was waiving his right to appeal such a sentence was fully discussed in the plea proceeding, and there is nothing in the Appellant's responses to the court's questions that would indicate that he did not know what he was doing. The Appellant also confirmed that he had reviewed the plea agreement with his counsel, and that he was satisfied with the representation of his counsel. As such, appellate counsel has concluded, based on a review of the record, that there are no non-frivolous issues regarding the plea on which to base an appeal.

**F.** **There does not exist an issue that implicates the Appellant's constitutional or statutory rights that could not be waived**

In *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000), this Court further required appellate counsel to discuss and consider whether there exist any issues that implicated the Appellant's constitutional or statutory rights that could not be waived. A review of the record herein demonstrates that there do not exist any issues that could not be waived. In particular, the record does not provide any basis for a claim of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a defendant must (a) demonstrate that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms"; and (b) "affirmatively prove prejudice" from the alleged derelictions in counsel's performance.

19

*Strickland v. Washington*, 466 U.S. 668, 687-89, 693-94 (1984); *accord United States v. Kirsch*, 54 F.3d 1062, 1071 (2d Cir.), *cert denied*, 516 U.S. 927 (1995); *United States v. Vegas*, 27 F.3d 773, 777 (2d Cir.), *cert. denied*, 513 U.S. 911 (1994).

Under the first prong of the *Strickland* test, the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," bearing in mind that "there are countless ways to provide effective assistance in any given case" and that "even the best criminal defense attorneys would not defend a particular client in the same way." *United States v. Aquirre*, 912 F.2d 555, 560 (2d Cir. 1990) (*quoting Strickland*, 486 U.S. 689). Moreover, actions or omissions by counsel that might be considered strategic decisions, if reasonable, do not constitute ineffective assistance. *See Strickland*, 466 U.S. 689.

In addition, the assessment of counsel's performance should focus on the "fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. at 696. Rather than attempting to grade counsel's performance, the emphasis should be on "whether, despite the strong presumption of reliability, the result of a particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just

20

results." Id. Moreover, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." Id. at 689.

Even if a defendant shows that his counsel's performance was deficient under the first prong of *Strickland*, he must still demonstrate that he was prejudiced, i.e., he must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94; *accord Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir.) *cert. denied*, 513 U.S. 820 (1994); *United States v. Aquirre*, 912 F.2d at 560-61; *United States v. Jones*, 900 F.2d 512, 519 (2d Cir.), *cert. denied*, 498 U.S. 846 (1990).

There is nothing in the record to indicate that trial counsel rendered ineffective assistance to the Appellant. Appellate counsel recognizes that the sentence is severe. However, the sentence is not as severe as the sentence that could have been imposed had the Appellant gone to trial and been found guilty. In a status conference before the plea, defense counsel reported that the Government was only willing to agree to a sentencing range having a maximum of 90 years. Therefore, the Plea Agreement with the sentencing range having a maximum of 70

21

years reflects a benefit obtained by defense counsel on the Appellant's behalf. There is no reason in the record to conclude that the Appellant would have prevailed at trial. Rather, the record reveals that the evidence was overwhelming. Based on the foregoing, there does not exist a basis in the record to assert a non-frivolous claim that the Appellant had been rendered ineffective assistance of counsel.

**G.** *The sentence is procedurally and substantively reasonable because the sentencing proceeding and sentence complied with statutory and constitutional mandates and the court considered the § 3553 (a) factors*

Sentences imposed upon criminal defendants are now reviewed for "reasonableness." *United States v. Booker*, 125 S.Ct. 738 (2005). Nonetheless, a valid waiver of right to appeal also precludes an appeal alleging that the sentence was unreasonable. *United States v. Morgan*, 406 F.3d 135 (2d Cir. 2005).

*Booker* reaffirmed the constitutional requirement announced in *Apprendi v. New Jersey*, 530 U.S. 466 U.S. 466 (2000), that "[o]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. To comply with the Sixth Amendment right to a jury trial, the "statutory maximum" is the maximum sentence that a judge may impose solely based on the facts found by a jury or admitted by the defendant.

22

*Blakely v. Washington*, 124 S.Ct. 2531, 2537 (2004).

*Booker* held that the mandatory nature of the Guidelines violated the Sixth Amendment. As a consequence, the Supreme Court excised those provisions of the Federal Sentencing Reform Act of 1984 that make the Guidelines mandatory. Such provisions include 18 U.S.C. §3553(b)(1), mandating use of the Guidelines, and 18 U.S.C. §3742(e), which "sets forth standards of review on appeal." *Booker*, 125 S.Ct. at 756-757. Now a sentencing court must "consider" the Guideline ranges along with the requirements and statutory factors set forth in 18 U.S.C. §3553(a).

Under 18 U.S.C. §3553(a), a court must determine whether there are facts that favor a "non-Guideline" sentence. 18 U.S.C. §3553(a) is comprised of two distinct parts. The so-called "sentencing mandate" contained in the prefatory clause of §3553(a) and the "factors" for fulfilling that mandate. The basic mandate of §3553(a) requires district courts to impose a sentence "*sufficient but not greater than necessary*" to comply with the four purposes of sentencing set forth in §3553(a)(2).

(a)    retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment");

(b)    deterrence;

23

(c)     incapacitation ("to protect the public from further crimes"); and

(d)     rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

The *sufficient-but-not-greater-than-necessary* requirement is often referred to as the "parsimony provision." Said requirement is not just another "factor" under §3553(a) - it sets an independent limit on the sentence that a court may impose. *Booker* returns sentencing to the pre-Guidelines days in which no limits could be placed on what is considered at sentencing. The only difference between pre-Guidelines sentencing and post-*Booker* sentencing is that Judges now have a longer list of factors (only one of which is the advisory guideline range) that must be "*considered*" before imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2).

Neither the statute nor *Booker* suggest that any one factor set forth in 18 U.S.C. §3553(a) should be given greater weight than any other. All factors are subservient to §3553(a)'s mandate to impose a sentence *sufficient but not greater than necessary* to comply with the four purposes of sentencing.

This Court has provided important guidance regarding the application of *Booker* to the selection of a sentence:

24

(1)     the Guidelines are no longer mandatory;

(2)     the sentencing judge must consider the Guidelines and all of the other factors listed in 18 U.S.C. ' 3553(a);

(3)     consideration of the Guidelines will normally require determination of the applicable Guideline range;

(4)     the sentencing judge is entitled to find all of the facts appropriate for determining either a Guideline sentence of a non-Guideline sentence.

*United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005).  Reasonableness of the sentence is reviewed for both procedural and substantive errors.  Id. at 114.  For example, if the sentencing court commits any of the following procedural errors, the sentence will be considered unreasonable:

(1)     making factual findings and mandatorily enhancing a sentence above the range applicable to facts found by a jury or admitted by a defendant;

(2)     mandatorily applying the applicable Guideline range that was based solely on facts found by a jury or admitted by a defendant;

(3)     failing to consider the applicable Guideline range as well as the factors listed in §3553(a), and instead simply selecting what the judge deems an appropriate sentence; and

25

(4) limiting consideration of the applicable Guideline range to the facts found by the jury or admitted by the defendant, instead of considering the applicable Guideline range, as required by §3553(a)(4), based on the facts found by the court.

Id. at 114-115.

Based upon a review of the plea and sentencing proceedings, I have concluded that the Appellant waived his right to appeal his sentence and therefore he cannot challenge his sentence on grounds of reasonableness. Moreover, the district court complied with the procedural and substantive requirements of *Crosby* and therefore his sentence was reasonable. There does not appear to be a non-frivolous basis for attacking the sentence on the ground that the sentence was unreasonable, particularly when the sentence was within the Guideline range agreed to by the parties and found by the court. Although the sentence is indisputably severe, the court discussed the factors that caused it to impose the sentence. The court also relied on certain facts in the PSR that demonstrated the severity of this case. Therefore, the sentence was reasonable under the circumstances.

## H.    *Present appeal*

To be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738,

26

787 (1967), appellate counsel must conscientiously examine the record to determine whether there exist non-frivolous issues that may be raised on appeal. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438-39 (1988). This Court does not grant an *Anders* motion unless it is satisfied that (1) "counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal" and (2) "defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993). *Accord*, *United States v. Torres*, 129 F.3d 710, 717-18 (2d Cir. 1997) (*Anders* motion granted because case did not present a non-frivolous issue for appeal where the *Anders* brief addressed the plea allocution and sentence).

After searching the entire record, appellate counsel has concluded that there are no non-frivolous issues to be appealed to this Court and therefore requests that he be relieved as counsel for the Appellant. *See United States v. Smith*, 129 F.3d 114 (2d Cir. 1997) (Court granted motion to withdraw and dismiss appeal after appellate counsel examined the plea allocution and sentence and concluded that there did not exist non-frivolous issues for appeal).

## CONCLUSION

After a thorough examination and search of the record, appellate counsel cannot in good faith advance a non-frivolous issue on this appeal and therefore requests that he be relieved from his representation of the Appellant by allowing counsel's withdrawal.

DATED:    February 18, 2013        Respectfully submitted,

BRUCE R. BRYAN, ESQ.
Office and P.O. Address
333 East Onondaga Street
Syracuse, New York 13202
(315) 476-1800
(315) 474-0425 (facsimile)

28

## CERTIFICATE OF SERVICE

I certify that a copy of this *Anders* Brief and Appendix have been served by first-class mail on the United States Attorney/W.D.N.Y.; Attention Joseph J. Karaszewski, AUSA, 138 Delaware Avenue, Buffalo, NY 14202; and Roger S. Luczkowiak, 21067-055, U.S.P. Tucson, P.O. Box 24550, Tucson, AZ 85734.

DATED: February 16, 2013

_____
BRUCE R. BRYAN