# 12-3544

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

United States of America,

*Appellee,*

*vs.*

Roger S. Luczkowiak

*Defendant-Appellant.*

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

## APPENDIX OF DEFENDANT-APPELLANT,
## ROGER S. LUCZKOWIAK

BRUCE R. BRYAN, ESQ.
Attorney for Defendant-Appellant,
Roger S. Luczkowiak
333 East Onondaga Street
Syracuse, New York 13202
(315) 476-1800
(315) 474-0425 *Facsimile*

# **TABLE OF CONTENTS**

Page No.

Index to Record on Appeal ........................................................................................1

Indictment ..................................................................................................................9

Proceeding dated January 5, 2012 ...........................................................................17

Plea Agreement.........................................................................................................28

Transcript of plea proceeding, dated January 30, 2012 ...........................................46

Transcript of sentencing proceeding, dated August 17, 2012 .................................66

Judgment of Conviction, filed August 23, 2012.....................................................177

APPEAL,CLOSED_2012,VictimNotify

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:11-cr-00392-WMS-1

Case title: USA v. Luczkowiak et al

Date Filed: 12/20/2011
Date Terminated: 08/23/2012

Assigned to: Hon. William M. Skretny

### Defendant (1)

**Roger S. Luczkowiak**
*TERMINATED: 08/23/2012*

represented by **John F. Humann**
Federal Public Defender
300 Pearl Street
Suite 200
Buffalo, NY 14202
(716) 551-3341
Fax: 716-551-3346
Email: John_Humann@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*
*Appointment*

### Pending Counts

18:2251.F SEXUAL EXPLOITATION
OF CHILDREN
(1-2)

### Disposition

The Defendant is sentenced to the
custody of the BOP for a term of 30
years on each Count to run consecutive
to each other and consecutive to the
sentence of imprisonment imposed on
Count 7 and a lifetime term of
Supervised Release to run concurrent to
each other and Count 7. $100 per SPA
imposed. $1,050.72 restitution imposed.
Conditions of Supervised release are as
detailed in minute entry

18:2252.F SEXUAL EXPLOITATION
OF MINORS
(7)

he Defendant is sentenced to the
custody of the BOP for a term of 10
years to run consecutive to the sentence
of imprisonment imposed on Counts 1
and 2 and a lifetime term of Supervised
Release to run concurrent to Counts 1
and 2. $100 SPA imposed. $1,050.72
restitution imposed. Conditions of
Supervised release are as detailed in

**1**

minute entry of 8/17/2012.

### Highest Offense Level (Opening)
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:2251.F SEXUAL EXPLOITATION OF CHILDREN (3) | Dismissed. |
| 18:2252.F SEXUAL EXPLOITATION OF MINORS (4-6) | Dismissed. |
| 18:2252.F SEXUAL EXPLOITATION OF MINORS (8-9) | Dismissed. |

### Highest Offense Level (Terminated)
Felony

| Complaints | Disposition |
|---|---|
| None | |

### Plaintiff

| USA | represented by | **Aaron J. Mango** |
|---|---|---|
| | | U.S. Attorney's Office |
| | | Federal Centre |
| | | 138 Delaware Avenue |
| | | Buffalo, NY 14202 |
| | | 716-843-5882 |
| | | Fax: 716-551-3146 |
| | | Email: aaron.mango@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/20/2011 | 10 | INDICTMENT as to Roger S. Luczkowiak (1) count(s) 1-3, 4-9. (DR) (Entered: 12/23/2011) |
| 12/29/2011 | 11 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy:Arraignment as to Roger S. Luczkowiak (1) Count 1-3,4-9 held on 12/29/2011. Deft acknowledges receipt of indictment. Gov't summarizes charges and potential penalties. Deft advised of his rights including right to counsel. Deft reqs court to re-appoint counsel. Deft wishes to continue |

2

| | | representation w/defense counsel. Deft sworn, examined and re-qualified -- JOHN HUMANN, AFPD RE-APPOINTED. Deft waives reading of indictment and enters plea of not guilty to all counts. Gov't moves for cont'd dtn. Deft declines dtn hrg. COURT CONTINUES DETENTION RESERVING DEFT'S RIGHT TO REQS RECONSIDERATION OF DTN ORDER IN THE FUTURE BASED ON CHANGED CIRCUMSTANCES. Deft advises ready for trial and has been unable to negotiate plea. Court advises counsel to contact Judge Skretny's chambers to make arrangements for a trial date. STA clock starts, Deft remanded. AUSA A. Mango and J. Humann w/deft. (Court Reporter FTR Gold.)(LL) (Entered: 12/29/2011) |
|---|---|---|
| 12/29/2011 | 12 | MOTION To Set Trial Date by USA as to Roger S. Luczkowiak. (Mango, Aaron) (Entered: 12/29/2011) |
| 12/29/2011 | 13 | MOTION for Discovery by USA as to Roger S. Luczkowiak. (Mango, Aaron) (Entered: 12/29/2011) |
| 12/29/2011 | 14 | ORDER OF DETENTION as to Roger S. Luczkowiak. Signed by Hon. Jeremiah J. McCarthy on 12/29/11. (Copies to USPO and USMS)(DAZ) (Entered: 12/29/2011) |
| 01/04/2012 | 15 | SCHEDULING NOTICE as to Roger S. Luczkowiak. The Government's 12 Motion to Set a Trial Date is returnable on 1/5/2012 at 10:00 AM before William M. Skretny, Chief Judge. (MEAL) (Entered: 01/04/2012) |
| 01/05/2012 | 17 | Minute Entry for proceedings held before William M. Skretny, Chief Judge: 12 Motion to Set a Trial Date returnable as to Roger S. Luczkowiak on 1/05/2012. Jury Selection and Jury trial is scheduled to commence on 3/12/2012 at 9:30 a.m. Trial duration is 1 week. Six witnesses. The Government's 13 Motion for Discovery is now moot. A Final Pretrial Conference is scheduled for 2/14/2012 at 9:00 a.m. Defendant has requested review of forensic evidence. Time to be excluded through and including 3/12/2012 pursuant to 3161(h)(7)(A). Defendant remanded. For the govt. - Aaron Mango. For the deft. - John Humann. (Court Reporter Michelle McLaughlin.)(MEAL) Modified on 2/12/2012 to correct the date of the proceeding. (MEAL). (Entered: 01/10/2012) |
| 01/09/2012 | 16 | PRETRIAL ORDER as to Roger S. Luczkowiak. Jury Selection is scheduled to begin on 3/12/2012 at 9:00 a.m. A Final Pretrial Conference will be held on 2/14/2012 at 9:00 a.m. Both will take place in the Buffalo Courtroom, before Chief Judge William M. Skretny. Signed by Chief Judge William M. Skretny on 1/7/2012. (Attachments: # 1 Pretrial Order Attachment)(JCD) (Entered: 01/09/2012) |
| 01/19/2012 | 18 | MOTION to Adjourn Scheduling Order by USA as to Roger S. Luczkowiak. (Mango, Aaron) (Entered: 01/19/2012) |
| 01/24/2012 | 19 | TEXT ORDER as to Roger S. Luczkowiak. IT HEREBY IS ORDERED THAT, the Government's 18 Motion for an Adjournment of the Pretrial Order is GRANTED. Pretrial submissions are now due 1/27/2012. SO ORDERED. Issued by William M. Skretny, Chief Judge U.S.D.C. on 1/21/2012. (CMD) (Entered: 01/24/2012) |

| 01/26/2012 | | SCHEDULING NOTICE: Change of Plea Hearing as to Roger S. Luczkowiak set for 1/30/2012 at 11:30 AM before William M. Skretny, Chief Judge. (JDK) (Entered: 01/26/2012) |
|---|---|---|
| 01/27/2012 | 20 | Second MOTION to Adjourn Scheduling Order by USA as to Roger S. Luczkowiak. (Mango, Aaron) (Entered: 01/27/2012) |
| 01/30/2012 | 21 | PLEA AGREEMENT as to Roger S. Luczkowiak (DR) (Entered: 01/31/2012) |
| 01/30/2012 | 22 | Minute Entry for proceedings held before William M. Skretny, Chief Judge: Change of Plea as to Roger S. Luczkowiak held on 1/30/2012. Plea Agreement entered into and accepted by the Court. Defendant pled guilty to Counts 1, 2 and 7 of the Indictment. Guilty plea accepted by the Court. Sentencing set for 5/15/2012 at 9:00 AM before William M. Skretny, Chief Judge. Presentence Report to Parties due by 3/27/2012. Sentencing Factors Statements/Sentencing Motions due by 4/20/2012. Objections/Responses to Sentencing Factors/Motions due by 4/27/2012. Motions to Adjourn due by 5/1/2012. Character Letters due by 5/4/2012. Presentence Report to the Court due by 5/4/2012. Defendant remanded. For the govt. - Aaron Mango. For the deft. - John Humann. (MEAL)(Court Recorder Jane Kellogg, FTR Gold.) Modified on 7/26/2012 to correct reporter.) (MEAL) (Entered: 02/01/2012) |
| 02/15/2012 | 23 | MOTION for Protective Order *GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER AND ORDER TO SEAL* by USA as to Roger S. Luczkowiak. (Mango, Aaron) (Entered: 02/15/2012) |
| 02/16/2012 | 24 | ORDER as to Roger S. Luczkowiak GRANTING 23 Government's' Motion for Protective Order and Order to Seal. Signed by Chief Judge William M. Skretny on 2/16/2012.(JCD) (Entered: 02/16/2012) |
| 02/16/2012 | 25 | Sealed Document as to Roger S. Luczkowiak. (DR) (Entered: 02/27/2012) |
| 03/16/2012 | 26 | PRELIMINARY ORDER OF FORFEITURE as to Roger S. Luczkowiak. Signed by Chief Judge William M. Skretny on 3/15/2012.(JCD) (Entered: 03/16/2012) |
| 04/19/2012 | 27 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Roger S. Luczkowiak (Humann, John) (Entered: 04/19/2012) |
| 04/20/2012 | 28 | ***Please disregard-replaced with Document #31*** SENTENCING MEMORANDUM by Roger S. Luczkowiak (Humann, John) Modified on 4/30/2012 (DR). (Entered: 04/20/2012) |
| 04/20/2012 | 29 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Roger S. Luczkowiak (Mango, Aaron) (Entered: 04/20/2012) |
| 04/20/2012 | 31 | SENTENCING MEMORANDUM by Roger S. Luczkowiak (DR) (Entered: 04/30/2012) |
| 04/27/2012 | 30 | SENTENCING MEMORANDUM by USA as to Roger S. Luczkowiak (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Mango, Aaron) (Entered: 04/27/2012) |
| 04/30/2012 | 32 | SENTENCING MEMORANDUM by Roger S. Luczkowiak (Attachments: # 1 |

| | | Exhibit A-B)(Humann, John) (Entered: 04/30/2012) |
|---|---|---|
| 05/11/2012 | 33 | MOTION to Adjourn sentencing date by Roger S. Luczkowiak. (Humann, John) (Entered: 05/11/2012) |
| 05/14/2012 | 34 | TEXT ORDER as to Roger S. Luczkowiak. IT HEREBY IS ORDERED THAT the Defendant's 33 Motion for an Adjournment of Sentencing is GRANTED. Sentencing is now scheduled for 7/11/2012 at 10:00 AM before William M. Skretny, Chief Judge. SO ORDERED. Issued by William M. Skretny, Chief Judge on 5/14/2012.(MEAL) (Entered: 05/14/2012) |
| 05/14/2012 | 35 | MOTION to Adjourn Sentencing by USA as to Roger S. Luczkowiak. (Mango, Aaron) (Entered: 05/14/2012) |
| 05/16/2012 | 36 | Sealed Document as to Roger S. Luczkowiak. (CMD) (Entered: 05/16/2012) |
| 06/01/2012 | 37 | TEXT ORDER as to Roger S. Luczkowiak. IT HEREBY IS ORDERED that the Government's Motion to Adjourn Sentencing 35 is GRANTED. Sentencing currently scheduled 7/11/2012 is ADJOURNED to 8/6/2012 at 10:00 AM, before the Hon. William M. Skretny. Sentencing Factors Statements/Sentencing Motions are due by 7/16/2012. Objections/Responses are due by 7/23/2012. Character Letters are due by 7/30/2012. Issued by Chief Judge William M. Skretny on 6/1/2012.(JCD) (Entered: 06/01/2012) |
| 08/03/2012 | 38 | MOTION to Adjourn *GOVERNMENT'S NOTICE OF MOTION TO ADJOURN SENTENCING* by USA as to Roger S. Luczkowiak. (Mango, Aaron) (Entered: 08/03/2012) |
| 08/03/2012 | 39 | TEXT ORDER as to Roger S. Luczkowiak. IT HEREBY IS ORDERED that the Government's 38 Motion to Adjourn Sentencing is GRANTED. Sentencing currently scheduled for 8/6/2012 before William M. Skretny, Chief Judge is ADJOURNED to 8/15/2012 at 9:00 AM. SO ORDERED. Issued by William M. Skretny, Chief Judge on 8/3/2012. (MEAL) (Entered: 08/03/2012) |
| 08/06/2012 | 40 | ADJOURMENT NOTICE as to Roger S. Luczkowiak. Due to the unavailability of counsel on the newly assigned sentencing date, the Sentencing scheduled for 8/15/2012 before William M. Skretny, Chief Judge is ADJOURNED to 8/17/2012 at 10:30 AM. (MEAL) (Entered: 08/06/2012) |
| 08/17/2012 | 41 | Minute Entry for proceedings held before William M. Skretny, Chief Judge: Sentencing held on 8/17/2012 for Roger Luczkowiak on Counts 1, 2 and 7 of the Indictment. Mother of Victim spoke. Presentence report to be sealed - will be made available to counsel for appeal purposes only. The probation department's recommendation section which is a part of said presentence report will be kept under separate seal and will not be accessible to counsel. The Court grants the government's motion for a downward departure of an additional level for acceptance of responsibility. Total Offense Level: 46. Criminal History Category III. The Defendant is sentenced to the custody of the BOP for a term of 30 years on Counts 1 and 2 to run consecutively to each other; and 10 years on Count 7, to run consecutive to Counts 1 and 2 for a total aggregate sentence of 70 years. Upon release from imprisonment the defendant is placed on supervised release for a life term on each Count to run concurrently. While on supervised release the defendant shall abide by the |

following conditions: The defendant shall abide by the standard conditions of supervised release as promulgated in the WDNY. The defendant shall not commit any crimes, federal, state or local. The defendant shall be prohibited from possessing a firearm, ammunition or other dangerous device.The defendant shall not possess a controlled substance. Mandatory drug testing imposed. Defendant shall participate in the computer/internet monitoring program administered by the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveile all activity on computer(s) or connected device(s) owned or operated by the defendant. The defendant may be required to pay the cost of monitoring services at the monthly rate provided by the U.S. Probation Office. The rate and payment schedule are subject to periodic adjustments by the U.S. Probation Office. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. The defendant is to enroll, attend, and participate in mental health intervention specifically designed for the treatment of sexual offenders as approved by the U.S. Probation office. The defendant is to comply with the mandates of the treatment program and is not to leave such treatment until discharge is agreed to by the U.S. Probation office and treating agency. The defendant is prohibited from possessing or downloading any child pornography as defined in 18 U.S.C. § 2256 as follows: any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct. For the purposes of this special condition, "sexually explicit conduct" means actual or simulated: (A)sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; (B) Bestiality;C)masturbation; (D)sadistic or masochistic abuse; or (E)lascivious exhibition of the genitals or pubic area of any person. The defendant shall not have deliberate contact with any child under 18 years of age unless approved by the probation officer. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by children under the age of 18. Financial disclosure imposed. The defendant shall register with the state sex offender registration agency in any state in which the defendant resides, is employed, carries on a vocation, or is a student, and shall provide proof of registration to the probation officer. The probation office is authorized to release the defendants presentence report to the New York State Board of Examiners of Sex Offenders. The defendant shall submit to a search of his person, and any property, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any

**6**

| | | |
|---|---|---|
| | | time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officers supervision functions.. The defendant shall have no contact with the victim's mother or family. Restitution imposed in the amount of $1,050.72, payments to be made pursuant to UNICOR pay grade. Forfeiture imposed pursuant to the terms and conditions of the plea agreement. Special assessment of $100.00 imposed per Count for a total of $300.00. No costs, fines or fees imposed. The Court imposes sentence as stated. Court directs preparation of a judgment of conviction. The defendant is remanded. For the govt. - Aaron Mango. For the deft. - John Humann. For prob. - David Ball. (Court Reporter Michelle McLaughlin.)(MEAL) (Entered: 08/22/2012) |
| 08/23/2012 | 42 | Sealed Document as to Roger S. Luczkowiak. (DR) (Entered: 08/24/2012) |
| 08/23/2012 | 43 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Roger S. Luczkowiak (DR) (Entered: 08/24/2012) |
| 08/23/2012 | 44 | JUDGMENT as to Roger S. Luczkowiak (1). US Attorney, Debt Collection, Financial Department.. Signed by Hon. William M. Skretny on 8/23/12.(DR) (Entered: 08/24/2012) |
| 08/24/2012 | 45 | DECLARATION by USA as to Roger S. Luczkowiak *Declaration of Publication* (Kaufman, Richard) (Entered: 08/24/2012) |
| 08/27/2012 | 46 | FINAL ORDER OF FORFEITURE as to Roger S. Luczkowiak. Signed by Chief Judge William M. Skretny on 8/25/2012.(JCD) (Entered: 08/27/2012) |
| 09/04/2012 | 47 | NOTICE OF APPEAL as to 44 Judgment. Fee Status: Fee Not Due - FPD. (DR) (Entered: 09/04/2012) |
| 11/30/2012 | 48 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Roger S. Luczkowiak held on 11/8/2011 before Judge Jeremiah J. McCarthy. Court Reporter/Transcriber Christi A. Macri, FAPR, RMR, CRR, CRi, email: christimacri50@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/21/2012. Redacted Transcript Deadline set for 12/31/2012. Release of Transcript Restriction set for 2/28/2013. (CMD) (Entered: 11/30/2012) |
| 11/30/2012 | 49 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Roger S. Luczkowiak held on 8/19/2011 before Judge Jeremiah J. McCarthy. Court Reporter/Transcriber Christi A. Macri, FAPR, RMR, CRR, CRi, email: christimacri50@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/21/2012. Redacted Transcript Deadline set for 12/31/2012. Release of Transcript Restriction set for 2/28/2013. (CMD) (Entered: 11/30/2012) |
| 11/30/2012 | 50 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Roger S. Luczkowiak held on 12/29/2011 before Judge Jeremiah J. McCarthy. |

**7**

| | | |
|---|---|---|
| | | Court Reporter/Transcriber Christi A. Macri, FAPR, RMR, CRR, CRI, email: christimacri50@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/21/2012. Redacted Transcript Deadline set for 12/31/2012. Release of Transcript Restriction set for 2/28/2013. (CMD) (Entered: 11/30/2012) |
| 11/30/2012 | 51 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Roger S. Luczkowiak held on 9/29/2011 before Judge Jeremiah J. McCarthy. Court Reporter/Transcriber Christi A. Macri, FAPR, RMR, CRR, CRI, email: christimacri50@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/21/2012. Redacted Transcript Deadline set for 12/31/2012. Release of Transcript Restriction set for 2/28/2013. (CMD) (Entered: 11/30/2012) |
| 12/12/2012 | 52 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Roger S. Luczkowiak held on January 5, 2012 before Judge William M. Skretny. Court Reporter/Transcriber Michelle L. McLaughlin, Telephone number (716)332-3560. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/2/2013. Redacted Transcript Deadline set for 1/14/2013. Release of Transcript Restriction set for 3/12/2013. (DLC) (Entered: 12/12/2012) |
| 12/12/2012 | 53 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Roger S. Luczkowiak held on August 17, 2012 before Judge William M. Skretny. Court Reporter/Transcriber Michelle L. McLaughlin, Telephone number (716)332-3560. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/2/2013. Redacted Transcript Deadline set for 1/14/2013. Release of Transcript Restriction set for 3/12/2013. (DLC) (Entered: 12/12/2012) |
| 12/12/2012 | 54 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Roger S. Luczkowiak held on January 30, 2012 before Judge William M. Skretny. Court Reporter/Transcriber Michelle L. McLaughlin, Telephone number (716)332-3560. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/2/2013. Redacted Transcript Deadline set for 1/14/2013. Release of Transcript Restriction set for 3/12/2013. (DLC) (Entered: 12/12/2012) |

| PACER Service Center |
|---|
| Transaction Receipt |

**8**

# *IN THE DISTRICT COURT OF THE UNITED STATES*

## *For the Western District of New York*

---

**NOVEMBER 2011 GRAND JURY**
**(Impaneled 11/04/2011)**

**THE UNITED STATES OF AMERICA**

### *-vs-*

**INDICTMENT**

### ROGER S. LUCZKOWIAK

**Violations:**

Title 18, United States Code, Sections
2251(a), 2252A(a)(2)(A) and
2252A(a)(5)(B).

(9 Counts and Forfeiture Allegation)

<u>COUNT 1</u>
**(Production of Child Pornography)**

**The Grand Jury Charges That:**

On or about November 20, 2010, the exact date being unknown, in the Western District of New York, the defendant, **ROGER S. LUCZKOWIAK**, did knowingly use, persuade, induce, entice and coerce a minor, that is, Victim 1, a person known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

**9**

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT 2
### (Production of Child Pornography)

**The Grand Jury Further Charges That:**

On or about April 16, 2011, the exact date being unknown, in the Western District of New York, the defendant, **ROGER S. LUCZKOWIAK,** did knowingly use, persuade, induce, entice and coerce a minor, that is, Victim 1, a person known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT 3
### (Production of Child Pornography)

**The Grand Jury Further Charges That:**

On or about April 17, 2011, the exact date being unknown, in the Western District of New York, the defendant, **ROGER S. LUCZKOWIAK,** did knowingly use, persuade, induce, entice and coerce a minor, that is, Victim 1, a person known to the Grand Jury, to

- 2 -

**10**

engage in sexually explicit conduct for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Section 2251(a).**

### COUNT 4
**(Distribution of Child Pornography)**

**The Grand Jury Further Charges That:**

On or about March 16, 2011, at approximately 8:36 a.m. EST, in the Western District of New York, and elsewhere, the defendant, **ROGER S. LUCZKOWIAK,** did knowingly distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), to a person known to the Grand Jury, that is, two (2) video files of child pornography, that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Section 2252A(a)(2)(A).**

- 3 -

**11**

## COUNT 5
**(Distribution of Child Pornography)**

**The Grand Jury Further Charges That:**

On or about May 31, 2011, at approximately 8:42 a.m. EST, in the Western District of New York, and elsewhere, the defendant, **ROGER S. LUCZKOWIAK**, did knowingly distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), to a person known to the Grand Jury, that is, three (3) video files and three (3) image files of child pornography, that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Section 2252A(a)(2)(A).**

## COUNT 6
**(Receipt of Child Pornography)**

**The Grand Jury Further Charges That:**

Between on or about May 27, 2011, and on or about May 31, 2011, in the Western District of New York, and elsewhere, the defendant, **ROGER S. LUCZKOWIAK**, did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), that is, twenty-eight (28) video files of child pornography, that had been shipped and transported using any means

- 4 -

**12**

and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Section 2252A(a)(2)(A).**

## COUNT 7
### (Possession of Child Pornography)

**The Grand Jury Further Charges That:**

On or about June 1, 2011, in the Western District of New York, the defendant, **ROGER S. LUCZKOWIAK,** did knowingly possess material, to wit, a HP desktop computer, that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce, that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).**

- 5 -

**13**

## COUNT 8
### (Possession of Child Pornography)

**The Grand Jury Further Charges That:**

On or about June 1, 2011, in the Western District of New York, the defendant, **ROGER S. LUCZKOWIAK,** did knowingly possess material, to wit, a Seagate External Hard Drive, that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce, that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).**

## COUNT 9
### (Possession of Child Pornography)

**The Grand Jury Further Charges That:**

On or about June 1, 2011, in the Western District of New York, the defendant, **ROGER S. LUCZKOWIAK,** did knowingly possess material, to wit, a Philips DVD-R labeled "Business Records", that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using

- 6 -

**14**

any means and facility of interstate and foreign commerce, that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).**

### FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

As a result of the offenses alleged in this Indictment, the defendant, **ROGER S. LUCZKOWIAK,** shall forfeit to the United States any matter which contains any such visual depiction of child pornography, which was produced, transported, mailed, shipped, or received and/or any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, and all property traceable to such property, including but not limited to the following:

> 1) HP desktop computer, bearing serial number 4CEO331NHB.
>
> 2) Seagate 1 TB hard drive, bearing serial number 9VP89TEF that contained images and videos of child pornography.
>
> 3) Seagate 250 GB external hard drive, bearing serial number 2GE24LHT.

- 7 -
**15**

4)  Philips DVD-R that contained videos of child pornography.

**All pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3).**

DATED:  Buffalo, New York, December 20, 2011.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:  S/AARON J. MANGO
AARON J. MANGO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716-843-5882
aaron.mango@usdoj.gov

A TRUE BILL:

S/FOREPERSON
FOREPERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------
UNITED STATES OF AMERICA

           -vs-                       11-CR-392

ROGER S. LUCZKOWIAK,

                  Defendant.
----------------------------------------


                Proceedings held before the

       Honorable William M. Skretny, U.S.

       Courthouse, 2 Niagara Square, Buffalo,

       New York on January 5, 2012.


       APPEARANCES:

       AARON J. MANGO,
       Assistant United States Attorney,
       Appearing for the United States.

       JOHN F. HUMANN,
       Assistant Federal Public Defender.
       Appearing for Defendant.

       Michelle L. McLaughlin, RPR,
       Official Reporter,
       U.S.D.C. W.D.N.Y.
       (716)332-3560

1          THE CLERK:  Criminal case 11-392, United

2     States of America versus Roger Luczkowiak.

3          THE COURT:  Mr. Humann, good morning.

4          MR. HUMANN:  Morning, your Honor.

5          THE COURT:  Mr. Mango, good morning.

6          MR. MANGO:  Good morning, your Honor.

7          THE COURT:  We'll wait for Mr. Luczkowiak

8     to be brought in.  He's here.  And we will be

9     working with respect to the nine-count child

10     pornography indictment in this case and determine

11     how we're going to proceed --

12          MR. HUMANN:  Yes, your Honor.

13          MR. MANGO:  Yes, your Honor.

14          THE COURT:  Okay.  Roger S. Luczkowiak,

15     that's you, right?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Good morning.  All right.  We

18     have to determine how we're going to proceed.  The

19     only motion that I understand that has been filed

20     in this case is the government's motion for

21     discovery, is that right?

22          MR. MANGO:  That's correct, your Honor.

23          THE COURT:  All right.  So we have to

24     determine whether we're going to proceed to trial

25     here.  I know there was some ongoing discovery that

**18**

3

1   was being discussed and engaged in.

2          MR. MANGO:  Yes.  Yes, your Honor.

3          THE COURT:  I don't know if we need to

4   discuss that any further.  But do we set this

5   matter down for trial, or is there going to be a

6   plea?

7          MR. HUMANN:  Judge, can I tell you where

8   we are on this case?

9          THE CLERK:  Sure.  Sure.

10         MR. HUMANN:  I hate to admit it, but I've

11  been doing this for a long time, and you see

12  different things, and here's -- the allegations

13  here are ugly.  And if they're true, they deserve

14  to be punished severely.  There's no question about

15  that.

16      We have a little five-year-old girl here that

17  allegedly was abused.  There are three counts.  If

18  my client chose to plead guilty to two counts, the

19  sentencing range would be 15 to 60 years.  And to

20  dispose of the case there's been some discussion of

21  doing that.  The government isn't interested in

22  that.  They want a plea to three counts, which

23  would be 15 to 90 years.

24      Now, who's being unreasonable?  I just want the

25  Court to know.  I know the Court has nothing to do

**19**

4

1    with plea negotiations, but this is insane,

2    particularly when you think of the victim in this

3    case.  If we have a trial, these films are going to

4    be exposed to 12 jurors or whoever else is in the

5    courtroom.  I don't know how we do these things.  I

6    don't care whether she's here or not.  It's just --

7    to me, it's ridiculous and it's unreasonable, and I

8    don't know why I'm griping to the Court, because

9    the Court really has nothing to do with it.  I just

10   want the Court to know.

11      Yes, we're ready for trial.  We don't want to

12   go to trial.  I think you have to kill three people

13   to get up to 60 years in state court, so I don't

14   know.  In federal court, as this Court knows better

15   than anybody, 60 years means 60 years minus

16   15 percent for good time.  So he'd be like 85 if he

17   got out or something.  To have to waste everybody's

18   time with a trial, I don't understand why we have

19   to do it.  But that's where we are, Judge.  Yes, we

20   need a trial if we can't plead it.  I just want the

21   Court to know I'm doing everything I can to --

22           THE COURT:  I'm not, as you know,

23   ethically or legally able to get into any type of

24   plea discussions.  Do you need any additional time

25   to further discuss the possibility of a resolve

**20**

5

1    other than by trial?

2         MR. MANGO:  Your Honor, I don't think so.

3    We have had some very frank discussions.  In all

4    honesty, and just to briefly respond, there comes a

5    point in certain cases when defendants just

6    shouldn't get breaks.  And it's based on the

7    offense in this case and the conduct that the

8    defendant engaged in, the government thinks that

9    this is one of those cases.  We've had some

10   discussions.  I don't think we need additional time

11   to pursue that, in all honesty, your Honor.

12        THE COURT:  Okay.  Where are we then

13   Mr. Mango -- and that's fair enough.  I mean,

14   that's the system, and that's your determination to

15   make on behalf of the people.  I don't know any of

16   the facts on this case.  I mean, I know the

17   indictment.  I'll set it down for trial.  In the

18   government's view how long would it take?

19        MR. MANGO:  Your Honor, I would expect

20   approximately six witnesses, and maybe about four

21   days of actual trial in terms of the government's

22   case.

23        THE COURT:  Mr. Humann, I mean, in terms

24   of the defense case, you need any expert witnesses?

25        MR. HUMANN:  No, that's --

**21**

6

1          THE COURT:  Will there be a defense case?

2          MR. HUMANN:  Probably not.  It will

3     probably be about a week.

4          THE COURT:  Okay.  Where do we stand as

5     far as the Speedy Trial Act clock is concerned?

6          MR. MANGO:  Your Honor, the government did

7     file our discovery motion, and it would be the

8     government's view that that would have stopped the

9     clock, so no days have's elapsed.  The motion was

10    filed for -- just in the event there is any

11    discovery that the defendant or -- obviously, the

12    defendant has just represented there may not be

13    much of a case, so that -- that discovery motion

14    now may be moot based on today's comments.  As of

15    today the clock will start running, in the

16    government's view, and there would be 70 days

17    remaining.

18          THE COURT:  All right.  Put this down for,

19    please, for one week.  Do you have any conflicts in

20    your trial schedule, Mr. Humann?

21          MR. HUMANN:  No, Judge.  I'm in good shape

22    right now.

23          MR. MANGO:  No, your Honor.  We're ready.

24          MR. HUMANN:  Well, April 24th I start a

25    trial that's going to be pretty complex, but --

**22**

7

1          MR. MANGO:  Likewise.  We're on the same

2     case.

3          THE CLERK:  If the clock starts running

4     today, we need to start it by March 15th.

5          MR. HUMANN:  Please don't pick the week of

6     February 20th, because I'll be killed by my wife if

7     you do that.

8          THE COURT:  Okay.  February 20th then is

9     your trial date.

10         MR. HUMANN:  Thank you, Judge.  Judge, if

11    the Court needs more time, we're okay with that.

12    We can waive some time if necessary.  It doesn't

13    have to be jammed in.  He's not getting out.  It's

14    not --

15         THE COURT:  Thank you.

16         THE CLERK:  What week is it?

17         MR. HUMANN:  February 20th.

18         THE CLERK:  You wouldn't want to go

19    February 13th because you're at risk.

20         MR. HUMANN:  Correct.  Please.

21         THE CLERK:  How about March 12th?

22         THE COURT:  March 12th?

23         MR. HUMANN:  Yes, sir.

24         THE COURT:  Is that a Monday?

25         MR. HUMANN:  Yes.

8

1        MR. MANGO:  Yes, your Honor.

2        THE COURT:  Okay.  March 12th.  I'll issue

3   the final trial preparation order as of today.

4   Let's set a final pretrial conference as well.  We

5   probably won't need a final status, just a final

6   pretrial conference.

7        THE CLERK:  Prior to the 20th then?

8        THE COURT:  Yes, please.

9        THE CLERK:  How about the 14th of February

10  at nine?

11       THE COURT:  Okay.  February 14th at

12  9:00 o'clock.

13       MR. MANGO:  Yes, your Honor.

14       THE COURT:  Whatever you have to do in

15  good faith to continue to get the case ready,

16  resolved, whatever it takes, please work on that.

17       MR. HUMANN:  All right.  Fine, your Honor.

18       MR. MANGO:  Yes, your Honor.

19       THE COURT:  Okay.  Thank you very much.

20       THE CLERK:  So the discovery motion has

21  been resolved?

22       MR. MANGO:  I believe it's now moot based

23  on the defendant's comments.

24       MR. HUMANN:  Yes.

25       THE COURT:  All right.  Do we exclude time

**24**

9

1    or --

2         MR. HUMANN:  I have no objection to that.

3    I could argue, but it doesn't matter.

4         MR. MANGO:  Your Honor, there is -- I

5    think there is a basis to exclude time.  I've

6    given -- the defendant has made a request to review

7    the forensic evidence in the case.  I've given

8    instructions today on how to do that.  They need to

9    provide us with a 750-gigabyte hard drive.  We'll

10   copy everything on to that.  We'll send it to the

11   forensic agent to review.  I think there is a --

12   the ends of justice served by the granting of such

13   continuance would actually benefit the defendant in

14   that we'll have a forensic copy of the evidence.

15        MR. HUMANN:  I don't object in this case,

16   your Honor.

17        THE COURT:  Okay.  I will make that

18   finding then under 3151(h)(7)(A).  The ends of

19   justice outweigh the interest of defendant to a

20   speedy trial, and for the reasons stated by

21   Mr. Mango as agreed to by Mr. Humann.  And this is

22   a serious case with a lot of time at issue, so I

23   think all of that exchange is important enough to

24   warrant the exception, and that will be my finding

25   in that regard.  Thank you.

**25**

10

1          MR. MANGO:  Yes, your Honor.  That will

2     exclude time through March 12th?

3          THE COURT:  Through March 12th, yes, date

4     of trial.

5          MR. MANGO:  Thank you.

6          THE COURT:  Thank you.

7               *        *        *        *        *        *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**26**

1          CERTIFICATION

2

3          I certify that the foregoing is a

4    Correct transcription of the proceedings

5    Recorded by me in this matter.

6

7

8                          s/Michelle L. McLaughlin
                           Michelle L. McLaughlin, RPR
9                          Official Reporter
                           U.S.D.C., W.D.N.Y.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**27**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            v.                                11-CR-392-S

ROGER S. LUCZKOWIAK,

            Defendant.



### PLEA AGREEMENT

      The defendant, ROGER S. LUCZKOWIAK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty as follows:

    a.    to Counts 1 and 2 of the Indictment charging violations of Title 18, United States Code, Section 2251(a) (Production of Child Pornography), for which the mandatory minimum term of imprisonment for each count is 15 years, and for which the maximum possible sentence on each count is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life; and

    b.    to Count 7 of the Indictment charging a violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography), for which the maximum penalty is 10 years imprisonment, a fine of $250,000, a mandatory $100 special penalty assessment, and a term of supervised release of at least 5 years and up to life.

**28**

c.  The defendant understands that the penalties set
forth in this paragraph are the maximum penalties
that can be imposed by the Court at sentencing.

2.  The defendant acknowledges that pursuant to Title 18,
United States Code, Section 2259(a), the Court must order
restitution for the full amount of the victims' compensable losses
as determined by the Court.  The defendant understands that the
defendant will not be entitled to withdraw the plea of guilty based
upon any restitution amount ordered by the Court.

3.  The defendant understands that, if it is determined that
the defendant has violated any of the terms or conditions of
supervised release, the defendant may be required to serve in
prison all or part of the term of supervised release, up to 3
years, without credit for time previously served on supervised
release, and if the defendant commits any criminal offense under
Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18,
United States Code, for which imprisonment for a term longer than
1 year can be imposed, the defendant shall be sentenced to a term
of imprisonment of not less than 5 years and up to life.  As a
consequence, in the event the defendant is sentenced to the maximum
term of incarceration, a prison term imposed for a violation of
supervised release may result in the defendant serving a sentence

-2-

29

of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

4.    The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student.   The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.   The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.  ELEMENTS AND FACTUAL BASIS

5.    The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Counts 1 and 2

    a.    The defendant employed, used, persuaded, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such sexually explicit conduct;

    b.    The visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means; and

    c.    The defendant acted knowingly.

Count 7

    a.    The defendant knowingly possessed material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

    b.    That such child pornography had been shipped or transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

    c.    The defendant knew that such material contained child pornography.

-4-

31

**FACTUAL BASIS**

6.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

Count 1

a.    On or about November 20, 2010, the exact date being unknown, in the Western District of New York, the defendant, ROGER S. LUCZKOWIAK, did knowingly use, persuade, induce, entice and coerce a minor, that is, Victim 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.  The visual depictions were produced using a Logitech webcam, which was manufactured in China.  At the time the visual depictions were produced, Victim 1 had not attained the age of 18 years.

b.    Specifically, the visual depictions produced by the defendant depict Victim 1 performing oral sex on the defendant and also depict Victim 1 using a white dildo to penetrate her vagina.  The visual depictions were located in the form of image files saved on the defendant's Seagate External hard drive recovered from the defendant's residence.  The evidence would show that at the time the visual depictions were produced, Victim 1 was a five-year-old female child, who would on occasion be in the custody and care of the defendant.  At the time the visual depictions were produced, the defendant engaged in sexual acts with Victim 1, and the offense involved the use of a computer to persuade and induce Victim 1 to engage in sexually explicit conduct.

Count 2

a.    On or about April 16, 2011, the exact date being unknown, in the Western District of New York, the defendant, ROGER S. LUCZKOWIAK, did knowingly use, persuade, induce, entice and

-5-

32

coerce a minor, that is, Victim 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The visual depictions were produced using a Logitech webcam, which was manufactured in China. At the time the visual depictions were produced, Victim 1 had not attained the age of 18 years.

b. Specifically, the visual depictions produced by the defendant depict Victim 1 performing oral sex on the defendant. The visual depictions were located in the form of video files saved on the defendant's HP desktop computer recovered from the defendant's residence. The evidence would show that at the time the visual depictions were produced, Victim 1 was a five-year-old female child, who would on occasion be in the custody and care of the defendant. At the time the visual depictions were produced, the defendant engaged in sexual acts with Victim 1, and the offense involved the use of a computer to persuade and induce Victim 1 to engage in sexually explicit conduct.

Count 7

a. On or about June 1, 2011, the defendant, while residing in the Western District of New York, knowingly possessed images and videos of child pornography which were stored on his HP desktop computer, Seagate external hard drive, and Philips DVD-R. The defendant obtained these images and videos of child pornography over the internet using peer-to-peer file sharing programs.

b. Specifically, on or about June 1, 2011, a search warrant was executed at the defendant's residence following an investigation that the defendant was utilizing peer-to-peer file sharing programs to obtain and share child pornography over the internet. Items seized from the defendant's residence that contained child pornography included one HP desktop computer bearing serial number 4CEO331NHB, one Seagate 1 TB hard drive bearing serial number

-6-

33

9VP89TEF that was installed inside of the HP computer, one Seagate 250 GB external hard drive bearing serial number 2GE24LHT, and one Philips DVD-R. A forensic analysis of these electronic items revealed approximately 599 images and 83 videos of child pornography stored on the electronic media.

c.   Some of the child pornography possessed by the defendant depicted prepubescent minors or minors less than 12 years of age.

d.   Some of the child pornography possessed by the defendant contained sadistic or masochistic conduct or other depictions of violence which would have been painful to the child.

### III.   SENTENCING GUIDELINES

7.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8.   The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offenses of conviction for Counts 1 and 2 and provides for a base offense level of 32.

9.   The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction for Count 7 and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS

### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristics do apply:

Count 1

    a. the 4 level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

    b. the 2 level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act];

    c. the 4 level increase pursuant to Guidelines § 2G2.1(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence];

    d. the 2 level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense]; and

    e. the 2 level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

Count 2

    a. the 4 level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

    b. the 2 level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act];

    c. the 2 level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense]; and

    d.    the 2 level increase pursuant to Guidelines §
2G2.1(b)(6)(B)(i) [the offense involved the
use of a computer to persuade, induce, and
solicit participation by a minor to engage in
sexually explicit conduct].

Count 7

    a.    the 2 level increase pursuant to Guidelines §
2G2.2(b)(2) [material involved a prepubescent
minor or a minor under the age of 12 years];

    b.    the 5 level increase pursuant to Guidelines §
2G2.2(b)(3)(B) [distribution for the receipt
of a thing of value but not for pecuniary
gain];

    c.    the 4 level increase pursuant to Guidelines §
2G2.2(b)(4) [offense involved material that
portrays sadistic, masochistic, or other
depictions of violence];

    d.    the 5 level increase pursuant to Guidelines §
2G2.2(b)(5) (the defendant engaged in a
pattern of activity involving the sexual abuse
or exploitation of a minor);

    e.    the 2 level increase pursuant to Guidelines §
2G2.2(b)(6) [offense involved use of a
computer]; and

    f.    the 5 level increase pursuant to Guidelines §
2G2.2(b)(7)(D) [offense involved 600 or more
images].

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the
government and the defendant that the adjusted offense level for
Count 1 is 46.

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is 42.

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 7 is 41.

## COMBINED ADJUSTED OFFENSE LEVEL

14. The government and the defendant agree that pursuant to Guidelines §§ 3D1.1, 3D1.2, 3D1.3, and 3D1.4, the offenses of conviction under Counts 1, 2, and 7 do not group together, and that it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 49.

## ACCEPTANCE OF RESPONSIBILITY

15. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 46.

## CRIMINAL HISTORY CATEGORY

16. It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

17. It is the understanding of the government and the defendant that, with a total offense level of 46 and criminal history category of III, and taking into account the applicable statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 840 months (70 years), a fine of $25,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

18. The government and the defendant agree to correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to

recommend a sentence outside the Sentencing Guidelines range as limited by the statutory minimum and maximum terms of imprisonment. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

19. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. **STATUTE OF LIMITATIONS**

20. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the possession, receipt, distribution, and production of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which

-12-

39

the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

21. The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence;

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

    e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

22. At sentencing, the government will move to dismiss the open counts of the Indictment in this action pending against the defendant.

23. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

24. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in

the law which the defendant believes would justify a decrease in the defendant's sentence.

26. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COMPUTER FORFEITURE

27. The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Section 2253(a)(1)and(3). These assets include:

1) HP desktop computer, bearing serial number 4CEO331NHB.

2) Seagate 1 TB hard drive, bearing serial number 9VP89TEF that contained images and videos of child pornography.

3) Seagate 250 GB external hard drive, bearing serial number 2GE24LHT.

4) Philips DVD-R that contained videos of child pornography.

-15-

**42**

28. The Forfeiture and Judgment of the above listed property will be referenced in the <u>PRELIMINARY ORDER OF FORFEITURE</u>. The defendant hereby waives any other notice of such Order.

29. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

30. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

31.   The defendant agrees to the entry of orders of forfeiture for the aforementioned assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

32.   The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of assets as provided in this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

33.   This plea agreement represents the total agreement between the defendant, ROGER S. LUCZKOWIAK, and the government. There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

-17-

**44**

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: January **30**, 2012

    I have read this agreement, which consists of 18 pages.  I have had a full opportunity to discuss this agreement with my attorney, John Humann, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____        _____
ROGER S. LUCZKOWIAK                     JOHN HUMANN, ESQ.
Defendant                               Attorney for the Defendant

Dated: January **30**, 2012             Dated: January **30**, 2012

-18-

**45**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------
UNITED STATES OF AMERICA

              -vs-                     11-CR-392S

ROGER S. LUCZKOWIAK,

              Defendant.
----------------------------------------


          Proceedings held before the

Honorable William M. Skretny,  U.S.

Courthouse, 2 Niagara Square, Buffalo,

New York on January 30, 2012.


APPEARANCES:

AARON J. MANGO,
Assistant United States Attorney,
Appearing for the United States.

JOHN F. HUMANN,
Assistant Federal Public Defender.
Appearing for Defendant.


AUDIO RECORDER:  Jane Kellogg


TRANSCRIBER:     Michelle L. McLaughlin, RPR,
                  Official Reporter,
                  U.S.D.C. W.D.N.Y.
                  (716)332-3560




(Proceedings recorded by electronic sound
recording, transcript produced by computer.)

**46**

2

1    THE CLERK:  Criminal case 11-392S, United

2    States of America versus Roger Luczkowiak.

3    THE COURT:  All right, for the government,

4    would you state your name, please?

5    MR. MANGO:  Yes, your Honor, good morning.

6    Aaron Mango for the United States.

7    THE COURT:  Okay, and for the defense?

8    MR. HUMANN:  John Humann for the

9    defendant, your Honor.

10    THE COURT:  You are Roger S. Luczkowiak?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  All right.  We're going to

13    talk about the documents in this case, and you

14    should have before you a plea agreement document,

15    as well as Counts 1, 2, and 7 of the indictment

16    that are the subject of the plea agreement.  Have

17    you gone over those charges as well as the plea

18    agreement document?

19    THE DEFENDANT:  Yes, sir.

20    THE COURT:  Okay.  We're going to talk

21    about your rights.  If you have any questions about

22    what I go over with you, let me know, we'll further

23    discuss it.  If you need additional time to discuss

24    matters with your attorney, let me know that as

25    well and I'll give you the additional time to do

**47**

3

1    that, is that clear?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  You have to keep your voice up

4    because everything here constitutes the record.  It

5    will be recorded.  It becomes the basis from which

6    you can appeal.  You will have appeal rights.

7    We'll talk about those a little bit in summary,

8    just as we will the plea agreement and the charges.

9        As far as your right to appeal is concerned,

10    you can appeal consistent with the plea agreement

11    terms, as long as you are eligible, which means you

12    must file a Notice of Appeal document, or your

13    attorney for you, within 14 days after I complete

14    your sentencing.  Do you understand?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  All right.  You have also the

17    right to an attorney until your case is complete in

18    all respects, and that includes any appeal, and

19    that includes hiring an attorney at your own

20    expense.  If you do not have sufficient funds and

21    continue to qualify, you get the benefit of the

22    federal public defender.  And you may always

23    reserve the right to represent yourself.  But keep

24    in mind if you choose to do that, and it's

25    something that's not often recommended, and in part

**48**

4

1    that's because you would be held to attorney

2    standards without attorney training.  It's a

3    difficult thing to do, to meet, and there's no

4    attorney assistance in the process, do you

5    understand?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Okay.  I'll have you placed

8    under oath.

9            (Oath administerd.)

10           THE COURT:  We're going to talk about the

11   two documents that I just mentioned, and I take it

12   you're comfortable with your understanding of the

13   charges and the documents, right?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  All right.  And how old are

16   you?

17           THE DEFENDANT:  Thirty-one, sir.

18           THE COURT:  All right.  And where were you

19   born?

20           THE DEFENDANT:  Dunkirk, New York.

21           THE COURT:  What's the highest grade in

22   school that you have completed?

23           THE DEFENDANT:  I completed 12th grade and

24   I have my GED.

25           THE COURT:  All right.  So within reason

**49**

5

1    you read, write, understand English?

2              THE DEFENDANT:  (inaudible)

3              THE COURT:  Any difficulty understanding

4    me?

5              THE DEFENDANT:  No -- yes.  No problems,

6    sir.

7              THE COURT:  Okay.  Any difficulty

8    understanding your lawyer?

9              THE DEFENDANT:  No problems, sir.

10             THE COURT:  All right.  Are you satisfied

11   with your lawyer?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  You've listened to his legal

14   advice?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  You have to keep your voice up

17   again, please.

18             THE DEFENDANT:  Sorry, sir.

19             THE COURT:  That's okay.  Mr. Humann, any

20   issues in your judgment with respect to competency?

21             MR. HUMANN:  None, your Honor.

22             THE COURT:  Okay.  And, Mr. Luczkowiak,

23   you're being held where, is that --

24             THE DEFENDANT:  Niagara County jail, sir.

25             THE COURT:  Okay.  You came here today

**5 0**

6

1    from there?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  And did you have any drugs or

4    alcohol today?

5         THE DEFENDANT:  No, sir.

6         THE COURT:  Do you take any medications,

7    prescription or nonprescription?

8         THE DEFENDANT:  No, sir.

9         THE COURT:  Within the last year have you

10   received any evaluation or treatment for any mental

11   health or substance abuse problem including drugs

12   and/or alcohol?

13        THE DEFENDANT:  No, sir.

14        THE COURT:  Are you married, single?

15        THE DEFENDANT:  Single, sir.

16        THE COURT:  Any children?

17        THE DEFENDANT:  One, sir.

18        THE COURT:  Okay.  Let's talk about the

19   plea agreement document, if you would follow

20   through with me.  And if you notice in the first

21   section, paragraph 1 there are a couple of

22   subparagraphs, actually three, because one extends

23   beyond to the top of the next page, there are

24   references to three counts of the indictment.  In

25   subparagraph A it talks about Counts 1 and 2 which

**51**

7

1   charge violations of Section 2251A of Title 18,

2   which is the production of child pornography.  And

3   for each of those counts, there's a mandatory

4   minimum term of prison of 15 years, and the maximum

5   term is 30 years, a fine of $250,000, or a

6   combination of both, a special assessment of $100

7   per count, and supervised release of at least five

8   years and up to life.  Do you understand what you

9   face in connection with Counts 1 and 2?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And in Count 7, which is part

12  of subparagraph B, which is the possession of child

13  pornography, the maximum penalty is ten years

14  there, a fine of $250,000, a combination of both, a

15  mandatory special assessment of $100, and

16  supervised release of anywhere between five years

17  and up to life.  Do you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  All right.  Those are the

20  maximum penalties.  We'll talk about the sentencing

21  guidelines in a little while.  But you could, even

22  though there are guidelines, be sentenced to what

23  your maximum exposure is.  Do you understand that?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Okay.  If you look at page 2,

8

1    paragraph 2, that paragraph makes reference to the

2    fact that I can order as restitution what's called

3    the victim's compensable losses as a result of your

4    conduct and these charges, do you understand?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Okay.  In paragraph 3, there's

7    a reference there to supervised release, and we've

8    talked about what your exposure is for supervised

9    release.  But the bottom line is if you violate any

10   of the terms or conditions of supervised release,

11   that's like committing a crime.  And if the

12   government proves that you violated, you can be

13   imprisoned for additional time, three years in

14   regard to what is identified there by section

15   numbers in paragraph 3, and you can also be

16   sentenced for a term of imprisonment of not less

17   than five years and up to life for the related

18   sections.  And when all of it is added up, you

19   could have an exposure to more than the maximum

20   imposed under the statute, do you understand?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Okay.  Mr. Mango, is there any

23   clarification on that?

24             MR. MANGO:  No, your Honor.  Those

25   chapters and sections in which -- if the defendant

**53**

9

1    were to commit a criminal offense under those

2    sections, then his exposure could be not less than

3    five, not more than life.  Those sections relate to

4    additional sexual related offenses.

5            THE COURT:  Up to three years on the

6    charges that he's currently faced with, and all of

7    that can be totaled to be more than the maximum

8    exposure that he has under the statutes themselves.

9            MR. MANGO:  Yes, your Honor.

10           THE COURT:  Okay.  All right.  In

11   paragraph 4 that talks about your requirement that

12   you will have to register under the Sex Offender

13   Registration and Notification Act, and keep that

14   registration current essentially for the rest of

15   your life, do you understand?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Okay.  Now, in the Roman

18   numeral Section II starting at paragraph 5, broken

19   down under Counts 1 and 2 are the essential

20   elements of the crime.  Under Count 7 are the

21   essential elements for the crime.  There are three

22   for each count, and the elements are different.

23   They must be separately considered by the jury that

24   tries the case, if there were to be one.  And the

25   government would have to prove each essential

**54**

10

1    element on each count to the satisfaction of the
2    trier of fact, the jury or the judge, beyond a
3    reasonable doubt. If it failed on Count 1 of any
4    one of the three, you could not be convicted of
5    Count 1. If it failed on Count 2, any one of the
6    three essential elements, you could not be
7    convicted. If it failed on Count 7, you could not
8    be convicted if the government did not prove all of
9    the essential elements beyond a reasonable doubt.
10   Do you understand?

11            THE DEFENDANT: Yes, sir.

12            THE COURT: Now, we're going to talk about
13   your right to a trial, because you, like every
14   individual who is accused of a felony crime, has
15   the right to a jury trial. And a jury would be 12
16   individuals. They would be required from the proof
17   to render a unanimous verdict, guilty or not
18   guilty. If they couldn't do that, then the case
19   doesn't go away, but another jury would be brought
20   in, or there would be some other way worked out to
21   resolve the case, do you understand?

22            THE DEFENDANT: Yes, sir.

23            THE COURT: All right. The fact of the
24   matter is at any trial you would be presumed
25   innocent with no burden whatsoever, and you could

**55**

11

1    be proactive in terms of asking your attorney to,

2    even though you don't have a burden of proof, and

3    it remains solely with the government beyond a

4    reasonable doubt, he could question witnesses,

5    challenge the evidence, put on a defense,

6    cross-examine witnesses, subpoena witnesses on your

7    behalf.  You could testify if you wanted to, but

8    nobody could force you to do that, because you have

9    the constitutional right to remain silent.

10        If you went to trial and were convicted, you

11   would have the right to appeal.  If you give up

12   your trial right, which you're telling me you wish

13   to do that today, is that right?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  You still are going to be back

16   here and you have the right to appeal as defined in

17   the plea agreement.  When you come back here, it

18   will be not for trial but for sentencing, and on

19   that occasion I will consider everything I'm given,

20   all the submissions, everything you tell me, what

21   your attorney says, what I get from the government,

22   the presentence report, which you get to see before

23   I do to make sure it's accurate.  Once I review all

24   of that, then my job will be to impose a sentence

25   that is fair, just, and reasonable, sufficient but

**56**

12

1  not greater than necessary.  Do you understand?

2  THE DEFENDANT:  Yes, sir.

3  THE COURT:  Acceptable to you?

4  THE DEFENDANT:  Yes, sir.

5  THE COURT:  Okay.  If you look at the

6  factual basis for Counts 1 and 2 and 7 that are in

7  the plea agreement, have you gone through all of

8  that information -- it's about two and a half

9  pages' worth -- carefully and with your lawyer?

10  THE DEFENDANT:  Yes, sir.

11  THE COURT:  And you've considered what's

12  under Count 1, and you considered what's under

13  Count 2, and what's under Count 7 separately?

14  THE DEFENDANT:  Yes, sir.

15  THE COURT:  Is it all accurate?

16  THE DEFENDANT:  Yes, sir.

17  THE COURT:  Did you do what's charged

18  there?

19  THE DEFENDANT:  Yes, sir.

20  THE COURT:  Okay.  Did you talk with

21  Mr. Humann about the sentencing guidelines law, and

22  that starts at paragraph 7, Roman numeral III,

23  page 7?

24  THE DEFENDANT:  Yes, sir.

25  THE COURT:  Okay.  And to summarize all

**57**

13

1   that, there is laid out for you in a step-by-step

2   fashion the way the guidelines work.  It works on a

3   series of calculations and numbers, and as far as

4   the numbers are concerned, what's set out here,

5   including the adjustments and the departures and

6   the calculations, they lead to a final sentencing

7   number sometimes called a total offense level

8   number.  And from your standpoint the higher the

9   number when combined with your criminal history

10   score, exposes you to a higher sentence.  On the

11   flip side of that, the lower that final calculation

12   comes out to be, when combined with your criminal

13   history score, exposes you to a lower sentence, do

14   you understand?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Okay.  If you take a look at

17   paragraph 17 on page 11, it looks as if the numbers

18   will come out, in the judgment of the lawyers, to

19   be for the crime a 46, your criminal history score

20   a three, and then the sentencing range would be a

21   term of imprisonment of 840 months or 70 years, do

22   you understand?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Okay.  And even though that is

25   the calculation, you still are subject to the

**58**

14

1    maximum for the statutes that you have committed

2    crimes under, do you understand?

3           THE DEFENDANT: Yes, sir.

4           THE COURT: Okay. These calculations that

5    appear here are the best judgment of the lawyers.

6    I will make a final calculation. And if my numbers

7    differ once I review the presentence report and do

8    the math and view all the evidence, once I've

9    accepted your guilty plea, that's it as far as your

10   guilt or not guilty is concerned. But my

11   calculations you can always appeal within the

12   restrictions of the plea agreement provision, do

13   you understand?

14         THE DEFENDANT: Yes, sir.

15         THE COURT: Okay. My numbers control, and

16   if you disagree with my numbers, you cannot

17   withdraw your plea of guilty, do you understand?

18         THE DEFENDANT: Yes, sir.

19         THE COURT: Okay. You've given up your

20   right to raise as a defense the statute of

21   limitations as well, do you understand that?

22         THE DEFENDANT: Yes, sir.

23         THE COURT: Okay. There's a rights and

24   reservations section, Roman numeral V on page 13.

25   And listed there are a number of subparagraphs

**59**

15

1    starting at paragraph 21 and it extends through

2    paragraph 23.  Have you gone over those rights and

3    reservations, and do you understand them?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Okay.  And you have an appeal

6    right, and that's talked about in Roman numeral VI,

7    so that if I sentence you within the guideline

8    range or less, you give up your right to appeal or

9    to challenge the sentence through any other legal

10   means.  If I sentence you within the guideline

11   range or more, the government gives up its right to

12   appeal, do you understand?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  Okay.  And then finally

15   there's a forfeiture section in Roman numeral VII,

16   and listed there are all the items starting at

17   paragraph 27 that you will be forfeiting to the

18   government as a result of this criminal case and

19   this plea agreement, and you give up your right to

20   argue that that forfeiture constitutes double

21   punishment for the same crime, do you understand?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Okay.  That's the entire

24   agreement then that you have entered into, is that

25   correct?

**60**

16

1          THE DEFENDANT: Yes, sir.

2          THE COURT: All right. Any other promises

3   made to you that are not contained in this written

4   agreement?

5          THE DEFENDANT: No, sir.

6          THE COURT: All right. Did I miss

7   anything in the allocution, Mr. Mango?

8          MR. MANGO: No, your Honor.

9          THE COURT: All right. Okay. You signed

10  this agreement on the advice of your attorney,

11  correct?

12         THE DEFENDANT: Yes, sir.

13         THE COURT: Nobody threatened you to do

14  that, right?

15         THE DEFENDANT: (inaudible)

16         THE COURT: Mr. Humann, you signed and

17  advised your client to sign?

18         MR. HUMANN: I signed, your Honor, and I

19  gave him all the facts and circumstances and my

20  belief in what we could and couldn't do, and then

21  he made the judgment to sign it.

22         THE COURT: Fair enough. And, Mr. Mango,

23  you signed and advised -- had the authority to sign

24  from the U.S. attorney?

25         MR. MANGO: I did, your Honor, yes.

**61**

1          THE COURT:  Okay.  And I will receive,

2     accept, and make a part of the record the plea

3     agreement in this case.  I'm going to ask you now

4     starting with Count 1 of the indictment, in this

5     case, Mr. Luczkowiak, I'm going to ask you how you

6     plead to Count 1, guilty or not guilty, and that's

7     the production of child pornography?

8          THE DEFENDANT:  Guilty, sir.

9          THE COURT:  How do you plead with respect

10    to Count 2, again which is the production of child

11    pornography?

12         THE DEFENDANT:  Guilty, sir.

13         THE COURT:  And with respect to Count 7 of

14    the indictment, how do you plead, and that's the

15    possession of child pornography?

16         THE DEFENDANT:  Guilty, sir.

17         THE COURT:  Okay, Mr. Luczkowiak, I'm

18    convinced then that your pleas of guilty, and I'm

19    considering each one as to each count separately,

20    that each plea of guilty is knowing, you understand

21    the terms, conditions, and possible consequences,

22    correct?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  And is it a fair statement to

25    say that everything you have done here today, and

**62**

18

1    you've done a lot, is voluntary?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  All right.  And I find that

4    the evidence that you've agreed to when separately

5    considered as to Count 1, as to Count 2, and as to

6    Count 7, if that were at least part of the evidence

7    produced at a trial, it would be sufficient as a

8    basis for a jury to conclude guilt beyond a

9    reasonable doubt on each of the three counts

10   separately considered, therefore as to each count

11   separately considered, I accept your guilty plea,

12   and I now adjudge you guilty of having committed

13   the three crimes charged, Count 1, Count 2, and

14   Count 7, do you understand?

15               THE DEFENDANT:  Yes, sir.

16               THE COURT:  Okay.  Sentencing will be?

17               THE CLERK:  May 11th at nine.

18               THE COURT:  May 11th at 9:00 o'clock.

19               MR. MANGO:  Your Honor, I'm scheduled for

20   a training in South Carolina that week.  I come

21   back on Friday.  Is there a way we could do it the

22   following week?

23               THE COURT:  Sure.

24               MR. MANGO:  Thank you.

25               THE CLERK:  (Inaudible)

**63**

19

1          THE COURT:  Yeah, you can leave everything

2    but Mr. Mango will be able to make the adjustment.

3          MR. MANGO:  Thank you.

4          THE CLERK:  (Inaudible).

5          MR. MANGO:  Excellent.  Thank you.

6          THE COURT:  May 15th at 9:00 o'clock.

7    Okay.  Thank you very much.

8          MR. MANGO:  Thank you, your Honor.

9          THE COURT:  You're welcome.

10         *      *      *      *      *      *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1         CERTIFICATION

2

3        I certify that the foregoing is a

4    correct transcription, to the best of my

5    ability, from the electronic sound recording

6    of the proceedings in this matter.

7

8

9                          s/Michelle L. McLaughlin
                           Michelle L. McLaughlin, RPR
10                              Official Reporter
                              U.S.D.C., W.D.N.Y.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                          **65**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------
UNITED STATES OF AMERICA

          -vs-                11-CR-392

ROGER S. LUCZKOWIAK,

               Defendant.
---------------------------------------


          Proceedings held before the

Honorable William M. Skretny, U.S.

Courthouse, 2 Niagara Square, Buffalo,

New York, on August 17, 2012.


APPEARANCES:

AARON J. MANGO,
Assistant United States Attorney,
Appearing for the United States.

JOHN F. HUMANN,
Assistant Federal Public Defender.
Appearing for Defendant.

Michelle L. McLaughlin, RPR,
Official Reporter,
U.S.D.C. W.D.N.Y.
(716)332-3560

2

1           THE CLERK:  Criminal case 11-392, United

2    States of America versus Roger Luczkowiak.

3           THE COURT:  You've called the case

4    Miss Labuzzetta.

5       Roger Luczkowiak is here, good morning.

6           MR. HUMANN:  Morning, your Honor.

7           THE COURT:  Mr. Humann, good morning.

8    And, Mr. Mango.

9           MR. MANGO:  Good morning, your Honor.

10          THE COURT:  Good morning.  Okay.  I think

11   there's a government's request for one person to

12   speak, is that correct?

13          MR. MANGO:  Yes, your Honor.  At the end

14   of my comments I'll ask the Court to permit the

15   victim's mother to orally make a statement to the

16   Court.

17          THE COURT:  Okay.  And in addition to the

18   record and the presentence report, I do have

19   submissions from the attorneys by way of sentencing

20   memorandum and statements with respect to the

21   sentencing factors.  And so I've reviewed all of

22   that.  I have two letters I think also, one from

23   Mr. Luczkowiak's mother, which I read.

24          MR. HUMANN:  His father, Judge, I think it

25   was.

**67**

3

1           THE COURT:  I'm sorry?

2           MR. HUMANN:  I think it was his dad, your

3   Honor.

4           THE COURT:  Okay.  And a friend?

5           MR. HUMANN:  Yes.

6           THE COURT:  Okay.  Both basically say the

7   same thing, that he's helped them out and he's a

8   decent guy to talk to, et cetera.  And I'm ready to

9   go forward.  I take it the defense is ready?

10          MR. HUMANN:  Yes.

11          THE COURT:  And, Mr. Mango, the

12  government's ready?

13          MR. MANGO:  Yes, your Honor.

14          THE COURT:  Mr. Luczkowiak, you're ready?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Okay.  And as you know,

17  Mr. Luczkowiak, you appeared before me and pled

18  guilty to Counts 1, 2, and 7 of a nine-count

19  indictment that charged you with the production of

20  child pornography in violation of Title 18, Section

21  2251A, and possession of child pornography in

22  violation of 18 U.S.C. Section 2252A(a)(5)(B).

23      In connection with that I have your request

24  through your attorney for a non-guideline sentence,

25  and the government opposes that request for a

68

4

1    non-guideline sentence.

2         You do have the right to appeal.  You have to

3    be appeal eligible, and that requires that you or

4    your attorney file a Notice of Appeal within 14

5    days after I complete your sentencing.

6         You have the right to an attorney until your

7    case is complete in all respects, an assigned

8    attorney as long as you continue to qualify, or an

9    attorney that you hire at your own expense, or you

10   may represent yourself.  But again, as you know, on

11   appeal, and pleas, and trials, these matters are

12   very complicated, and you would be held to attorney

13   standards without the assistance of a lawyer.  So

14   that's certainly not the recommended course of

15   action, but again that choice is yours.  Do you

16   understand?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Okay.  I am going to address

19   the request for a non-guideline sentence.  And I'll

20   give you my take on it, and then I will listen to

21   what you have to say, Mr. Humann and

22   Mr. Luczkowiak.  I will listen to the witness that

23   Mr. Aaron Mango referred to.

24        The numbers are high.  I mean, the proper

25   calculations here are as appear in the presentence

**69**

5

1   report.

2       Mr. Ball, you completed that report on May 1st

3   of this year. Any updates to that?

4           PROBATION OFFICER: No, your Honor.

5           THE COURT: All right. You've received

6   that report, Mr. Humann, and reviewed it and

7   discussed it with Mr. Luczkowiak, right?

8           MR. HUMANN: Yes.

9           THE COURT: Okay. And likewise, Mr.

10  Mango, you've reviewed it?

11          MR. MANGO: Yes, your Honor.

12          THE COURT: I will seal it. I think

13  that's in the best interest of everyone here, and

14  that best respects your privacy interests. But

15  that report can be released if there's a proper

16  request, and it's supported by, if you will, merit.

17  It's usually required -- or requested by government

18  departments or agencies or in connection with those

19  proceedings. But in the interim it is sealed, and

20  it is in the best interests of the victims and the

21  defendant and the public in my view to seal it.

22      The numbers are a 46 for the crime and a

23  criminal history score of three. It's pretty close

24  to getting to the top of the scale. Those are high

25  numbers.

**70**

1        The advisory range for custody is life

2    imprisonment.  Supervised release is five years to

3    life.  There's no eligibility for probation, and

4    the fine range is 25,000 to $250,000.

5        And that's as you have been made aware,

6    Mr. Luczkowiak, correct?

7                THE DEFENDANT:  Yes, sir.

8                THE COURT:  And Mr. Humann?

9                MR. HUMANN:  Yes.

10                THE COURT:  Okay.  All right.  As far as

11    what I've reviewed, I've mentioned that.  And there

12    are no objections to the summary of the offense

13    conduct that's set forth in the paragraphs that

14    obviously I consider carefully for purposes of

15    sentencing, and that's at paragraphs 22 through 41

16    of the presentence report.  They will be my

17    findings of fact.  They will be made a part of the

18    record.  And the offense conduct in the plea

19    agreement at paragraph 6 that's also incorporated

20    into what I've considered here as well.  And that

21    information, in my view, supports, not only the

22    plea that was entered or pleas to the number of

23    counts, as well as it will be supportive of the

24    sentence that's imposed in this particular case.

25        As far as the offense conduct is concerned, I

**71**

7

1   think it's important to set that out briefly, and
2   it is as follows:  On March 16th of last
3   year, 2011, the New York State Police, while
4   conducting an undercover operation, connected to a
5   peer-to-peer file sharing program.  Several video
6   files suggestive of child pornography were seen
7   being shared from an IP address subsequently
8   revealed to be registered to Mr. Luczkowiak in this
9   case at his residence.  Another investigation on
10  May 31st of 2011 by the Department of Homeland
11  Security similarly revealed video and image files
12  indicative of child pornography being shared from
13  another IP address also registered to the
14  defendant, Mr. Luczkowiak, in this case.

15      Pursuant to a search warrant on June 1st, 2011,
16  Dunkirk police and the New York State police
17  executed a search warrant at the defendant
18  Mr. Luczkowiak's residence.  The search uncovered a
19  Hewlett Packard desktop computer, a Seagate
20  external hard drive, numerous CDs, DVDs, and
21  printed material relating to child sex and incest
22  stories.

23      An investigation of the hard drive, computer,
24  and DVDs revealed multiple images and videos of
25  child pornography.  In all, approximately 599

**72**

8

1    images and 82 videos of various lengths depicting

2    child pornography were discovered.  Of these, the

3    National Center for Missing and Exploited Children

4    identified 244 images and 28 video files that

5    showed sexual activity involving at least 53

6    previously identified minors.

7         Even more serious than this collection,

8    examination of the seized electronic equipment

9    uncovered two videos which depict a five-year-old

10   female and the defendant engaging in sexually

11   explicit conduct, including oral sex.  Metadata

12   shows that this video was created on Saturday,

13   April 16th, 2011, at 8:00 p.m, with the other being

14   made in the early hours of the following day at

15   12:30 a.m.

16        Another six images of the same five-year-old

17   depict further acts of a sexually explicit nature.

18   Four of these images were taken on October 23rd,

19   2010.  The other two, again depicting the younger

20   girl performing oral sex on defendant, were taken

21   on November 20th, 2010, approximately six months

22   before the videos were made.  This conduct is

23   detailed in the presentence report and is contained

24   in the defendant's plea agreement.

25        The government moves to apply the third level

**73**

1    of reduction for acceptance of responsibility under

2    Section 3E1.1(b).  I'm going to grant that request

3    based on Mr. Luczkowiak's timely notifying the

4    government of his intention to plead guilty,

5    thereby allowing the government to allocate its

6    resources elsewhere.  So Mr. Luczkowiak gets the

7    full three-level reduction as has been already

8    applied in paragraph 106 of the PSR.

9        And I find that the final advisory guideline

10   range should be correctly calculated at 840 months

11   based on a total offense level 46 and a criminal

12   history category of three.  So that's what I will

13   be looking at here.

14       The guideline -- I now turn to the request for

15   the imposition of a non-guideline sentence, and the

16   argument is that a sentence below the advisory

17   range would be a just sentence, and the request

18   that's being made is for a sentence of 15 years

19   imprisonment.  The government opposes this request

20   and urges me to impose a sentence within the

21   guideline advisory range of 840 months.

22       In a moment I'm going to hear from you,

23   Mr. Luczkowiak, as well as your attorney, as well

24   as Mr. Mango.  But before I do so, I want you to

25   know, Mr. Luczkowiak, that I've carefully

**74**

10

1   considered all of the sentencing factors in Section

2   3553(a) which the law requires that I do, including

3   the nature and circumstances of this very serious

4   offense, your personal history and characteristics,

5   and the need to avoid unwarranted sentence

6   disparities.

7      Mr. Humann, you urge me to impose a

8   non-guideline sentence because of Mr. Luczkowiak's

9   personal circumstances. You describe

10   Mr. Luczkowiak as an isolated and lonely individual

11   who had spent virtually all of his time on a

12   computer. You say that Mr. Luczkowiak did not have

13   friends and that his life consisted of work and

14   playing on the computer. Mr. Humann also points

15   out that Mr. Luczkowiak did not start out looking

16   at child pornography, but instead transitioned to

17   it from adult pornography.

18      I also note that at the age of eight you,

19   Mr. Luczkowiak, had a sexual experience with

20   another eight-year-old, and that this may have a

21   persistent effect on you throughout your life.

22   Finally, it's pointed out that your crime is not

23   one in which a life is ended or any individual

24   maimed or physically injured.

25      While I recognize that your conduct may not

**75**

11

1    have left physical scars on your actual victim or

2    the victims you viewed online, the mental scars you

3    are responsible for are so profound, it's to make

4    that fact pale by comparison.  Aside from helping

5    propagate an industry that sexually abuses

6    children, you, Mr. Luczkowiak, personally engaged

7    in the production of such videos and images that

8    consequences of your actions will be felt by your

9    victim for the rest of her life.

10        Her mother describes how the child stopped

11    playing or doing anything, even refusing to go

12    outside.  The child states that she does not want

13    to talk about the incident and worries about

14    upsetting her family.

15        I also reviewed the transcript portions of the

16    videos you made provided by the government.  I will

17    not go into their graphic detail, but it suffices

18    to say that they are shocking.  I conclude,

19    therefore, that any mitigation you might otherwise

20    be entitled to for leaving no lasting physical

21    marks is minor, but yet to be considered.

22        Nor can I credit your statement that you gained

23    no sexual gratification from these images or that

24    you downloaded them accidently.  The file sharing

25    program on your computer clearly shows that you

12

1 must have known that these files you were
2 downloading would likely feature sexual conduct
3 involving minors.

4 The government has also made me aware that many
5 of the videos you possessed exceeded five minutes
6 in length, one lasting almost an entire hour. I
7 further note that the date on which you made one of
8 your videos was your birthday. This shows me that
9 you were not, as you claim, a casual browser.
10 Rather, you took pleasure in carrying out the
11 conduct for which you had pled guilty and saw the
12 production of child pornography as a special
13 occasion.

14 Even were I to believe you, your other
15 statements reflect the callous attitude with which
16 you view child pornography. You have stated that
17 you would look at these videos, quote, just for the
18 fun of watching, close quote, and, quote, out of
19 boredom, close quote. You went so far as to look
20 for a, quote, snuff, close quote, film, a movie
21 depicting the real life murder of another
22 individual. In this at least you were
23 unsuccessful.

24 You have also demonstrated that you do not
25 understand the trauma your conduct has and will

**77**

13

1  continue to have. You express your hope that your
2  victim will come to see you when she is 18, and you
3  are not sure how she is taking this situation. As
4  you know from the presentence report, your victim
5  has since expressed her desire that you stay in
6  jail forever, and that she feels safer knowing you
7  are not free.

8  I finally consider and note that your personal
9  background also does not weigh in favor of a
10  non-guideline sentence. You have a criminal
11  background punctuated by narcotics violations. At
12  25 you acknowledged regularly receiving shipments
13  of several pounds of marijuana. Prior to that you
14  were arrested shortly after selling almost 30 grams
15  of marijuana.

16  You were also personally engaged in substance
17  abuse. You started drinking at the age of 23, and
18  when you did drink would do so to excess. You also
19  spent a period of time smoking marijuana on a daily
20  basis and on one occasion experimenting with acid.

21  In short, Mr. Luczkowiak, although I diligently
22  considered whether there are any mitigating factors
23  in your case, at this point before I've heard
24  everything out, I'm at a loss to find very many.
25  You removed yourself from society. You did not

**78**

14

1    engage your community.  You do not appear to have

2    committed yourself to your education or to learning

3    a trade that would have taken you out of the

4    circumstances you found yourself in.

5        I also do not have a letter from you which

6    might provide me with some insight into your

7    actions.  But that was your choice.  The best that

8    can be said is that you helped out your family and

9    a close friend -- those are the two letters I

10   have -- of your father's with various jobs,

11   including remodeling and maintenance work.

12       Before I make a final decision -- and I know

13   those facts sound horrific.  They are.  But I need

14   to hear from you and from the attorneys before

15   deciding on whether a non-guideline sentence would

16   be appropriate, though I said at this point that

17   it's difficult to be persuaded at this point that

18   the case warrants such a deviation from the

19   guideline range.  Mr. Humann.

20           MR. HUMANN:  Well, your Honor, it is -- it

21   is a most difficult case.  And there's just a

22   couple of things I would like to say, and one is I

23   believe, your Honor, that the people involved in

24   the criminal justice system in federal court can

25   become used to numbers of years like 15, 25, 50,

**79**

15

1    60, in this case 70 years at the top end because

2    that's the max he can get.

3        And I was just giving some thought to 15 years,

4    what that actually means, because 15 years ago I

5    don't think we had flat-screen TVs. I don't think

6    we had the Internet. The Bills were in the

7    Superbowl I think. And you think of all the time

8    that's gone on between then, fifteen years is an

9    enormous amount of time. And -- and that has to be

10   appreciated.

11       What can I say about my client? Judge, he's

12   not a serial killer. He didn't go out and kidnap

13   children time and time again. People who do that

14   get 25 to life very often. He didn't kill anybody.

15   He wasn't a serial rapist. What he did was

16   horrible, don't get me wrong. It's just that there

17   are things that are worse for which people will get

18   25 or 30 years in jail.

19       Seventy years that's like the atom bomb here.

20   As bad as what he did is and it's horrible, does it

21   deserve -- the only thing worse than that would be

22   the death penalty. Seventy years he's going to be

23   dead in jail. He's 33 years now. If you were to

24   give 15 years, he would be 48 years old when he got

25   out. And all that time in between day after day

**80**

16

1       he'd be punished thinking about the horrible thing

2       he did.

3           I -- you know, I agree with the Court.  I put

4       in my memo that the victim wasn't physically

5       injured.  But the mental anguish and the harm to

6       her is incalculable.  There's nothing that can be

7       said about that.

8           But it is different from other things, your

9       Honor.  And I'm simply saying that I think 70 years

10      is just -- what are you going to do with somebody

11      that rapes 16 kids, give them 72 years?  There has

12      to be some balance, your Honor.  I understand the

13      impulse to throw the book at him because it's

14      understandable.  I think there should be some

15      balance, and I think 15 years is a heck of a lot,

16      or 20 or 25.

17          That's about all I can say.  Thank you, your

18      Honor.

19              THE COURT:  Okay, Mr. Humann.

20      Mr. Luczkowiak, do you have anything to say?

21              THE DEFENDANT:  Sir, for all the things

22      I've done I'm very sorry, and I can't fix it or

23      correct it.  And there's not much else I can do

24      besides the time I'm going to serve.  But, I'm

25      sorry.

**81**

17

1        MR. HUMANN: Judge, the one thing I failed
2   to say which I had on my list is that I think it's
3   significant that he elected to plea, thus saving
4   further trauma to the victim here. I know a lot of
5   clients that I've had, they say if it's 70 years,
6   let's go to trial. Maybe somebody will believe
7   what I have to say. I think he took that into
8   consideration when you think of actually pleading
9   guilty when there's a very good chance you're going
10  to get the book thrown at you, I think it shows
11  remorse. I think actions speak louder than words.
12  I think it shows he got it at the end, and he did
13  the right thing at the end. Thank you.
14        THE COURT: Okay, Mr. Humann. Mr. Mango.
15        MR. MANGO: Thank you, your Honor.
16  Obviously as your comments reflect, this is a
17  tremendously disturbing case in many different
18  facets and in many different ways. When you
19  analyze the 3353(a) factors, it is tremendously
20  disturbing. It's tremendously disturbing in the
21  impact it had on the victim, which you summarized
22  and which I put in my papers and is in the
23  presentence report.
24      This is a victim who you can see when she's
25  being confronted at the Child Advocacy Center

**82**

18

1  before the topic even comes up is just -- is just a

2  ball of energy, bubbly, friendly, talkative.  Wants

3  to talk nonstop.

4     But when this subject came up, it's like

5  switching the light switch, a totally different

6  person.  Noncommunicative.  She couldn't even talk

7  about what happened to her.  She had to write it

8  out, a six-year-old being interviewed trying to

9  write it out of what a person close to her did to

10  her.  The nightmares that she has and are likely

11  going to continue, the confusion which she states

12  which is her father, is that the -- I'm sorry.  Who

13  is this person?  Is this the person before the

14  conduct?  Is it the person after the conduct?

15  These are -- these are mental struggles that she's

16  going to have to deal with for the rest of her

17  life.

18     And Mr. Humann talks about well nobody was

19  murdered.  And that's true, nobody was murdered.

20  She wasn't murdered.  But how do you compare what

21  she's got to go through for the next 80 years of

22  her life, 90 years, depends on how long she lives,

23  70 years, 60 years.  She's got to deal with that.

24  Is that better than being murdered?  Or is it not

25  as bad?  That's for the Court to decide.  But it's

**83**

19

1   horrible that a six-year-old has got to deal with

2   these emotional issues. That's just the one

3   victim, the actual victim involved in the

4   production of child pornography.

5       But, your Honor, we also have the impact on 53

6   other victims. I don't want it to be lost in this

7   case. That's a -- that's a lot. In some

8   possession of child pornography cases you may get a

9   handful of known victims identified that the

10  defendant had downloaded through the Internet.

11  Fifty-three is a lot. And I believe the Court was

12  given a stack of victim impact statements almost a

13  half inch thick from many of the 53 victims and

14  their family, and that's something that they've got

15  to live with for the rest of their lives.

16      The impact on the victim's family is also

17  tremendously disturbing, your Honor. This is a

18  case where, as the facts in the presentence report

19  illustrate, on July 21st of 2011 is when the victim

20  was interviewed by the Dunkirk Police Department.

21  July 21st is when she discloses what this defendant

22  had done to her. The police know it.

23  Unfortunately, the victim's mother now knew it.

24  She was there. She was there during the interview.

25  She heard what happened. It wasn't until -- the

**84**

1    defendant remained out.  Dunkirk police and the

2    DA's office there wanted to get everything

3    analyzed.

4        When the federal government learned about it on

5    August 17th, two days later he was incarcerated.

6    And when I made that call to her, your Honor, and

7    told her that the federal government's moving in

8    to, in essence, put this monster behind bars, it

9    was a very difficult phone call to hear the relief

10   and the emotional strain that she had been through.

11   And that just in that month knowing that he was

12   out.  And I believe you're going to hear more about

13   that, your Honor, when the victim's mother talks.

14       Also disturbing, tremendously disturbing is the

15   defendant's action that he took to facilitate the

16   conduct.  He talked about -- he admitted how the

17   victim was very photogenic and liked having her

18   picture taken.  This defendant manipulated her.

19   Used that, controlled the situation, and turned

20   that around for the most evil purpose possible,

21   which is to get her to do unimaginable things.

22       During the transcript which you mentioned of

23   the two videos, he likens this horrendous conduct

24   to licking a lollipop and an ice cream cone,

25   something that a six-year-old would normally like

**85**

1    to do, which again shows the level of manipulation

2    and deceit and the knowledge to try to persuade her

3    to do something that's horrible.

4        Also, the victim liked watching movies.  And

5    during this process they talked repeatedly about

6    how we could watch this movie afterwards.  The

7    movie of her now burned -- not only is it tough

8    enough for her to have engaged in the conduct, now

9    over and over it's burned in her mind of seeing

10   exactly what she has done and what this defendant

11   has made her do.

12       In the presentence report the victim's mother

13   talks about how one time the victim told her that

14   she was actually in the other room.  The mother was

15   in the other room sleeping and while the defendant

16   was committing his abuse on her, he put his hand

17   other her mouth.

18       These are all actions by the defendant that

19   show a shockingly horrific conduct by him that --

20   that he should have been aware of, and I know he

21   was aware of based on these actions.  Your Honor,

22   the defendant's conduct -- I mean character

23   warrants no consideration for a non-guideline

24   sentence here.

25       In the interview that he gave to the probation

**86**

22

1    officer he showed no remorse.  He didn't say, "I

2    hope she's doing okay."  "It's up to her if she

3    wants to see me."  No.  He says, "That I'm just

4    hoping that when she's 18 she'll come to see me."

5    It's all about him.  He hasn't shown any remorse or

6    true understanding of what he's done to the victim

7    at this point.  It's all about him, that this is

8    what he wants.  He wants her to come see him when

9    she's 18.  Those are self-centered comments, your

10   Honor.

11       The possibility for any type of rehabilitation

12   of this defendant is totally, unquestionably not

13   present.  He's got two felony drug convictions on

14   his record.  And shockingly after doing two years

15   in jail on a serious drug felony he comes out, and

16   not being deterred from future criminal conduct,

17   not being changed in his ways, he starts a conduct

18   of serially molesting this young victim.

19       Your Honor, the additional element of his

20   character that doesn't warrant a non-guideline

21   sentence is the deviant behavior which had been

22   shown through his life.  I think in the presentence

23   report it talks about how he was expelled when he

24   was 14.  He threw a lit firecracker into a

25   classroom I believe, or in the school.

**87**

23

1    He's described as socially awkward.  And you

2    mentioned the disturbing items that he searched for

3    online, including the actual videos of an actual

4    murder of somebody.

5    Finally, your Honor, this defendant's interest

6    in child pornography, and his interest in -- and

7    his sexual attraction towards children cannot be

8    overstated, and it's something that he tries to

9    minimize in his interview with probation, that he

10   didn't find the child pornography online sexually

11   gratifying.  That's ludicrous, absolutely ludicrous

12   based on the volume of child pornography he had,

13   599 images, 83 videos.  Some of those videos as you

14   mentioned, your Honor, almost were an hour in

15   length, which showed the brutal conduct towards a

16   young child involving pens and pencils and fists.

17   It's horrible.

18   In fact, it's that -- it's that interest in

19   child pornography that was on display in the child

20   sex stories that were found in this defendant's

21   residence.  You can't explain that away, your

22   Honor.  It's that interest in child pornography and

23   sexual attraction to children that actually brought

24   him standing where he is today.  And that's --

25   that's how I want to close my comments, your Honor,

**88**

24

1    is that if -- if not for a download by a New York

2    State Police, or if not a download by the

3    Department of Homeland Security, which -- Homeland

4    Security investigations which came into the picture

5    after the state police had done their download,

6    this -- this horrific conduct involving a

7    six-year-old victim could possibly have never

8    been -- been -- come to light at this point.

9        And it's for all of those reasons, your Honor,

10   and the reasons that this defendant really has

11   nothing to show for his life.  There's nothing

12   positive in this defendant's life.  Nothing at all.

13   Warrants a guideline sentence of 70 years

14   imprisonment.

15       Now Mr. Humann talked about how years and time,

16   you know, make a big deal, that 15 years would be

17   appropriate.  Your Honor, it's the government's

18   position this defendant should never get out of

19   jail again.  He doesn't deserve to get out of jail.

20   There's no reason for him to get out of jail.

21   There's no way he's going to change his actions.

22   And I ask you that you impose the maximum sentence,

23   your Honor.

24       I ask at this time that the victim's mother

25   come forward.

**89**

25

1          THE COURT:  Good morning.

2          VICTIM'S MOTHER:  Good morning.  As you

3   know, this has been very difficult for me, my

4   family, his family.  I have a little girl that this

5   has taken a very big toll on.  She was very

6   outgoing, very loving, very huggy, smiley little

7   girl, who for months just sat there and wouldn't

8   even talk to anybody.  Who finally came around once

9   she knew that she was safe, once she knew that the

10   monster was gone and behind bars and not coming

11   back.

12          But she still refuses to sleep alone.  She has

13   to sleep with somebody.  She is afraid to sleep by

14   herself.  Since my original statement that I wrote,

15   she's had to have developmental testing.  She's had

16   difficulty in school.  I have not got the official

17   results from that back, but the psychologist is

18   really leaning towards the fact that it stems from

19   the trauma that she has suffered.

20          She can't concentrate in school.  She has --

21   she's having trouble learning because her little

22   mind just is having a hard time coping with what

23   she's been through and the fact that in her mind

24   she no longer has a father.

25          For Father's Day she came home and told me all

**90**

26

1     my friends are making cards for Father's Day. She

2     said, "But I'm making one for my grampa, because I

3     no longer have a dad." She also basically -- she

4     lost her grandfather at the same time because he

5     has chosen to give more support and show basically

6     the same weight towards his son than he has his

7     granddaughter, and it has pretty much split the

8     family.

9         Her grandmother, who is not in good health, it

10    has really taken a toll on her because she doesn't

11    get to see her son. But she was really afraid that

12    she wouldn't get to see her granddaughter.

13            THE COURT: Okay. Thank you. I know it's

14    very hard for you, but thank you very much. I will

15    consider your statement.

16        Is there anything else, Mr. Humann?

17            MR. HUMANN: No.

18            THE COURT: Mr. Ball, just want to see you

19    for one second.

20            (Discussion off the record.)

21            THE COURT: Okay. I'm ready to proceed

22    with sentencing, and I've listened carefully to the

23    statements of everyone that has spoken this

24    morning, and I did that against the backdrop of all

25    of the information and the submissions that I have.

**91**

27

1    And as everybody was speaking I kept on watching
2    Mr. Luczkowiak as everybody spoke, and I mean,
3    throughout everything except one or two times when
4    he mentioned something to his attorney, Mr. Humann,
5    he was totally expressionless and stoic and
6    displayed no emotion, and he was unaffected by what
7    was being said at least visibly.

8        And, you know, when you look at the number of
9    years that are part of the guidelines, it's truly
10   cause for pause, that -- when you talk 70 years,
11   under any circumstances, that's a lifetime for all
12   practical purposes.

13       And the point that you make, Mr. Humann, is not
14   lost on me.  But, you know, I take issue with the
15   fact that when we hear these numbers the impact is
16   somehow lost because, you know, we deal with large
17   numbers on a regular basis.  But, you know -- and
18   you've heard me say a day, a month, a year in jail
19   is a lot of time, because that's a deprivation of
20   an individual's liberty.  And it's not always
21   constructive during that period of time to be
22   behind bars.  Sometimes there's no progress in
23   rectifying a situation or causing an individual to
24   have a constructive impact on his or her life.

25       And from a judge's standpoint, imposing a

28

1    sentence that is in virtual total deprivation of an
2    individual's life, or 30 years of an individual's
3    life, or 40 years, or 50 years from the judge's
4    standpoint that's very serious business. And so
5    all of those factors and considerations and
6    thoughts come into play, as far as you are
7    concerned, Mr. Luczkowiak.

8        This penalty is as severe as can be calculated.
9    And, you know, very honestly, while no, you didn't
10   kill anybody in the process, what happens here are
11   the type of mental and psychological scars that are
12   in all likelihood lifelong in terms of their
13   duration. And I think that has to equate to the
14   effect of that on your freedom. And I think
15   fairness requires that it be commensurate with the
16   lasting effect that you imposed on a young girl and
17   the abhorrent things that you contrived and had her
18   do.

19       This penalty is extraordinarily severe, and I
20   don't know if it can be understood by individuals
21   necessarily that may read about it in the paper
22   tomorrow, or that are not here in the courtroom, or
23   don't know exactly how it may -- and why it was
24   imposed and how it may fit the crime so to speak as
25   far as you're concerned. But there are those

**93**

29

1     instances, where a penalty of the severity that

2     we're talking about now is fully appropriate, and I

3     do believe and I am in full agreement that the most

4     severe penalty that is available for purposes of

5     sentencing here today is appropriate.

6         These words are harsh, but the fact of the

7     matter is I view you as a very sick individual.

8     And you participated by choice in a video trade

9     that is absolutely reprehensible. And what you

10    caused a young girl to endure and go through for

11    purposes of gratification is as, frankly, as bad as

12    it gets. And I -- I tend to agree with Mr. Mango's

13    statement that there's no demonstrative remorse

14    here. Yeah, you saved the government some efforts

15    in terms of prosecution, and I take that into

16    account. Because you're right, Mr. Humann, this

17    case, if it went to trial, it would be awful.

18        But you are a self-centered individual. And,

19    frankly, everything I see here does not indicate

20    that there's the prospects for legitimate

21    rehabilitation. Those factors that are generally

22    indicative of that just plain are not available.

23    They just don't surface here. The defiant behavior

24    equates to a situation where there's no way that I

25    can see where there's an open window where you can

**94**

30

1    be again trusted in society. It just doesn't
2    exist.
3        No judge likes to say that about any
4    individual. I don't like to say it about you. But
5    the plain fact of the matter is, that's where we're
6    at as far as sentencing is concerned. You have to
7    be held accountable.
8        This particular problem of society which you
9    are reflective of is continuing to snowball. It's
10   getting worse and worse and worse. And sentencing
11   has to take that into account. You have to be
12   punished, and I told you why. The sentence has to
13   be viewed for what it is. It has to punish the
14   severity of the crime. It has to hold you
15   accountable. It has to be deterrent in its affect.
16       There's only one sentence that can accomplish
17   that in my view, and the sentence will be as
18   follows: With respect to Counts 1 and 2 the
19   sentence will be 30 years to run consecutive to
20   each other. With respect to Count 7, the sentence
21   will be ten years to run consecutive to the
22   aggregate of Counts 1 and 2 for a total sentence of
23   70 years or a total of 840 months. That's a
24   lifetime. So will be supervised release.
25       That's lifetime supervised release to be served

**95**

31

1 concurrently to all of the counts that I've just

2 referenced. You must obey all the standard

3 conditions of supervised release adopted by this

4 court. They will be explained to you, and they

5 include the fact that you cannot commit any other

6 crimes, federal, state or local.

7  You shall be prohibited from possessing a

8 firearm or other dangerous device or ammunition.

9 No drugs. You're prohibited from that. There will

10 be random drug testing. You will be required to

11 participate in computer Internet monitoring and the

12 program administered by the U.S. Probation Office.

13  In the event that you are released you must

14 provide advance notification of any computer,

15 automated services, or connected devices that you

16 will use during the term of your supervised

17 release. Probation can install any application

18 that it feels is necessary to surveil all the

19 activity on computers or devices owned or operated

20 by you. You may be required to pay the cost of

21 monitoring services. Probation is authorized to

22 update its technology to the best technology

23 available at the time. Any costs are subject to

24 periodic adjustments as exposed to the probation

25 office.

**96**

1   The probation office shall be notified of any

2  electronic transmissions of impermissible,

3  suspicious activity or communications occurring on

4  any computer that you have or any connected device,

5  et cetera.  You will be required to consent and

6  cooperate to any announced examinations of computer

7  equipment owned or used by you.  The examination is

8  not limited to retrieval and copying of all data --

9  is not limited, but it's to include retrieval and

10  copying of all data from your computers, connected

11  devices, storage media, and any internal or

12  external peripherals and may involve removal of

13  equipment for purposes of conducting a more

14  thorough inspection.

15   You are to enroll, attend, and participate in

16  mental health intervention specifically designed

17  for the treatment of sexual offenders as approved

18  by the U.S. Probation Office.  You are to comply

19  with the mandates of treatment and not leave such

20  treatment until discharge is agreed by the

21  probation office and treating agency.

22   You shall not have deliberate contact with any

23  child under 18 years of age, excluding your

24  biological and adopted children unless approved by

25  the probation officer, and in this case

1    specifically approved by the probation office.   You

2    cannot loiter within 100 feet of schoolyards,

3    playgrounds, arcades, or other places primarily

4    used by children under the age of 18.   The

5    probation office has the discretion to authorize

6    you to pick up children, depending on the

7    circumstances, but for the practical sense you're

8    prohibited from any exposure to children under the

9    year of 18.

10    You're prohibited from downloading any child

11    pornography as defined in Section 2256 of Title 18,

12    any photographs, films, videos, et cetera, computer

13    or computer-generated images or pictures all

14    prohibited.   That will be further explained to you

15    by your supervision officer.

16    You shall register with the state sex offender

17    registration agency in the event that you are

18    released in any state in which you reside, are

19    employed, carry on a vocation, or are a student and

20    shall provide proof of registration to the

21    probation office.   The probation office is

22    authorized to release your presentence report to

23    the Board of Examiners of Sex Offenders, including

24    the New York State Board of Examiners.

25    You shall submit to a search of your person,

1    property, premises, vehicle, papers, computer,

2    other electronic communications, data storage

3    devices, or media and effects of the search at any

4    time with or without a warrant by any law

5    enforcement or probation officer With reasonable

6    suspicion concerning a violation of a condition of

7    supervised release or unlawful conduct by the

8    person, and by any probation officer in the lawful

9    discharge of the officer's supervision functions.

10    You shall forfeit to the United States your

11    interest in the properties specifically set forth

12    in Part 7 of the plea agreement and incorporated

13    herein.

14    No fine, no fees, no costs, but you have to pay

15    a special assessment of $100 per count for a total

16    of $300 due and payable immediately.    If

17    incarcerated, your payment will begin under the

18    Bureau of Prisons Inmate Financial Responsibility

19    Program, and the fact of the matter is you will be

20    incarcerated.

21    That will be your sentence.  Do you understand

22    it?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  Okay.  Anything I missed,

25    Mr. Ball?

**99**

35

1      PROBATION OFFICER: Your Honor, I did

2   provide the Court with a memorandum dated May the

3   14th of 2012 in reference to restitution

4   potentially being recommended to the New York State

5   Crime Victims Board. They did disburse some moneys

6   to the victim's mother for transportation costs and

7   some insurance costs. And there was an amount of

8   $1,050.72 that's recommended as far as restitution

9   to the New York State Crime Victims.

10      MR. HUMANN: Judge --

11      THE COURT: I will impose that as a

12   condition of the sentence. Mr. Humann.

13      MR. HUMANN: -- just before you do that, I

14   understand and respect the Court's sentence of 70

15   years, which is virtually life. Do we need to hit

16   him with $1,500 some kind of restitution? He needs

17   to live in jail and whatever meager amount he can

18   make is going to be his whole life, your Honor.

19   I'd ask the Court not to do that.

20      THE COURT: They don't take everything.

21   They take a percentage. He'll have enough money to

22   survive.

23      Mr. Mango, what's the government's position on

24   that?

25      MR. MANGO: Your Honor, the government's

**100**

36

1    position is that restitution is warranted in this

2    case.  The New York State Crime Victims Board has

3    been cooperative and often assists victims in

4    matters such as this and obviously put money

5    forward.  And I think it's appropriate that they be

6    reimbursed, because it was this defendant who

7    caused them to have to pay that amount.

8         THE COURT:  Yeah.  This is all harsh, I

9    understand it.  But the conduct is reprehensible,

10   and the effects of this are long term as far as the

11   victim, the family, society.  And, you know, I do

12   certainly in imposing the sentence recommend to the

13   Bureau of Prisons that everything at all be done

14   that's possible to make certain that while this

15   sentence is punitive in nature, that it's not

16   inhumane in terms of its application to the

17   defendant in this case, and that that should be a

18   part of the consideration in the imposition of this

19   sentence.  Anything to dismiss?

20        MR. MANGO:  Your Honor, yes, just -- just

21   so I have it, it's 30 years Count 1, 30 years Count

22   2 consecutive --

23        THE COURT:  Yes.

24        MR. MANGO:  -- ten years Count 7

25   consecutive.

**101**

37

1    THE COURT:  Yes.

2    MR. MANGO:  Want to make sure of that.

3  The government would move to dismiss Counts 3

4  through 6 and 8 and 9 of the indictment.

5    Finally, your Honor, I don't know if this was

6  covered.  I would just ask for a no contact order

7  with the victim's mother and the victim's family.

8  I think that's appropriate in this case.

9    THE COURT:  Okay.  I don't think this is

10  unreasonable.

11    MR. HUMANN:  It's just -- to me it's just

12  silly, but whatever.  He's in jail for the rest of

13  his life.  Anybody that wants to make contact with

14  him, it would have to be them.

15    MR. MANGO:  No, your Honor, he could

16  potentially make a phone call.  I just want to put

17  that at rest right now.

18    THE COURT:  All right.  Mr. Ball?

19    PROBATION OFFICER:  We would concur with

20  the government's recommendation, your Honor.

21    THE COURT:  Okay.  I don't think this is

22  piling on.  I think this is what has to be done to

23  safeguard the family.  And, you know, it's very

24  difficult to come up with a condition that is

25  overboard as far as the seriousness of what's

**102**

38

1    involved here. I will do that. I'll impose that
2    condition as well, a no contact condition.

3        I will grant the request to dismiss the
4    remaining counts. There's no objection to that.
5    Under the circumstances I find this sentence to be
6    severe, yes, but most certainly fair, just, and
7    reasonable under the circumstances of this case,
8    and the dire consequences that have been endured by
9    the family as a result of the conduct by
10   Mr. Luczkowiak in this case. And the case is now
11   closed.

12                *      *      *      *      *      *

13

14

15

16

17

18

19

20

21

22

23

24

25

**103**

1       CERTIFICATION

2

3            I certify that the foregoing is a

4       Correct transcription of the proceedings

5       Recorded by me in this matter.

6

7

8                       s/Michelle L. McLaughlin
                        Michelle L. McLaughlin, RPR
9                       Official Reporter
                        U.S.D.C., W.D.N.Y.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**104**

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

DWB/tmh (17352)

# UNITED STATES DISTRICT COURT

WESTERN   District of   NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |

Roger S. Luczkowiak

Case Number:  1:11CR00392-001

USM Number:  21067-055

John F. Humann
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to counts  1, 2 and 7 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2251(a) | Production of Child Pornography | 11/20/10 | 1 |
| 18 U.S.C. §2251(1) | Production of Child Pornography | 04/16/11 | 2 |
| 18 U.S.C. §2252A(a)(5)(B) | Possession of Child Pornography | 06/01/11 | 7 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Counts   3-6, 8 and 9 of the Indictment   ☐ is   ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 17, 2012
Date of Imposition of Judgment

Signature of Judge

William M. Skretny, Chief U.S. District Judge
Name and Title of Judge

8 / 23 / 12
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DWB/tmh (17352)

Judgment — Page ___2___ of ___6___

DEFENDANT:        Roger S. Luczkowiak
CASE NUMBER:      1:11CR00392-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

360 months on each of Counts 1 and 2 to be served consecutively to each other and 120 months on Count 7 to be served consecutively to Counts 1 and 2 for a total sentence of 70 years (840 months).

*The cost of incarceration fee is waived*

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court imposed a "No Contact" Order with the victim and her family.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

106

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release                                                                                    DWB/tmh (17352)

| | | |
|---|---|---|
| | Judgment—Page | 3 of 6 |

DEFENDANT:      Roger S. Luczkowiak
CASE NUMBER:    1:11CR00392-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Life as to each Count to be served concurrently

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case                                              DWB/tmh (17352)
                Sheet 3C — Supervised Release

Judgment—Page   4   of    6

DEFENDANT:        Roger S. Luczkowiak
CASE NUMBER:     1:11CR00392-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in the Computer/Internet Monitoring Program administered by the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveill all activity on computer(s) or connected device(s) owned or operated by the defendant. The defendant may be required to pay the cost of monitoring services at the monthly rate provided by the U.S. Probation Office. The rate and payment schedule are subject to periodic adjustments by the U.S. Probation Office. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection.

The defendant is to enroll, attend, and participate in mental health intervention specifically designed for the treatment of sexual offenders as approved by the U.S. Probation Office. The defendant is to comply with the mandates of the treatment program and is not to leave such treatment until discharge is agreed to by the U.S. Probation Office and treating agency.

The defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological and adopted children, unless approved by the probation officer. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by children under the age of 18. *The Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance.*

The defendant is prohibited from possessing or downloading any child pornography as defined in 18 U.S.C. §2256 as follows: Any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct. For the purposes of this special condition, "sexually explicit conduct" means actual or simulated:

(A)  sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex;
(B)  bestiality;
(C)  masturbation;
(D)  sadistic or masochistic abuse; or
(E)  lascivious exhibition of the genitals or pubic area of any person.

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, and shall provide proof of registration to the probation officer. The probation office is authorized to release the defendant's presentence report to the New York State Board of Examiners of Sex Offenders.

The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The Court imposed a "No Contact" Order with the victim and her family.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties                                                    DWB/tmh (1735:

| | | Judgment — Page | 5 | of | 6 |

DEFENDANT:              Roger S. Luczkowiak
CASE NUMBER:            1:11CR00392-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 300      | $ 0  | $ 1,050.72  |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be pa before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| New York State Crime Victims Board Office of Victim Services One Columbia Circle Suite 200 Albany, NY 12203-6383 RE: Claim 669486 & FRE-02891 | $1,050.72 | $1,050.72 | |

| TOTALS | $ 1,050.72 | $ 1,050.72 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒  the interest requirement is waived for the  ☐ fine  ☒ restitution.

☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 12/03) Judgment in a Criminal Case                                                                  DWB/tmh (1735)
Sheet 6 — Schedule of Payments

| | Judgment — Page | 6 | of | 6 |

DEFENDANT:        Roger S. Luczkowiak
CASE NUMBER:      1:11CR00392-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay a special assessment of $100 on each Count for a total of $300, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202.

Pursuant to 18 U.S.C. §3663A, it is ordered that the defendant make restitution to the NYS Crime Victims Board in the amount of **$1,050.72** The restitution is due immediately. Interest on the restitution is waived. Restitution will be joint and several with any other defendant(s), convicted in this case or any related case, who share the same victim(s) and losses. While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. §3664(f)(2), while on supervision, the defendant shall make monthly payments at the rate of **10% of monthly gross income.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the following property to the United States:
    HP desktop 4 CE03 3INHB. computer, bearing serial number;
    Seagate 1 TB hard drive, bearing serial number 9VP89TEF that contained images and videos of child pornography;
    Seagate 250 GB external hard drive, bearing serial number 2GE24LHT; and
    Philips DVD-R that contained videos of child pornography.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.